176 P.2d 366

**CHEE v. STATE.**

No. 961.

Supreme Court of Arizona.

Jan. 13, 1947.

Glenn Ginn, of Tucson, for appellant.

John L. Sullivan, Atty. Gen., and William P. Mahoney, Jr., Asst. Atty. Gen., for appellee.

LaPRADE, Judge.

Appellant was informed against for the crime of receiving stolen property, a felony, in violation of the provisions of Section

43-5506, A.C.A.1939. To the charge he entered a plea of guilty, judgment on the charge and plea was entered, and defendant was sentenced to imprisonment in the Arizona State Prison "for a term of not less than 2 years and not more than 3 years, to date from December 10 A.D. 1945, * * *." Defendant promptly gave notice of appeal on the ground that the sentence was excessive. By the authority of Section 44-2506, subsection (b), A.C.A.1939, an appeal may be taken by the defendant from "A sentence, on the ground that it is illegal or excessive." Application for a certificate of probable cause for modifying the sentence on the ground that it was excessive was presented to the trial court under the authority of Section 44-2517 (Id.). The application was granted and the certificate signed. The effect of the issuance of the certificate was to stay the execution of the sentence. Section 44-2516 (Id.). By Section 43-5506 (Id.), a person knowingly receiving stolen property is guilty of a felony where the property is of the value of $50 or more. No fixed term of imprisonment is prescribed for the offense. By the rule stated in Section 43-110 (Id.), "Except when a different punishment is prescribed by this Code, every offense declared to be a felony is punishable by imprisonment in the state prison not exceeding five (5) years, * * *."

By the provisions of Section 44-2233 (Id.), the court, having determined upon imprisonment as the penalty, was required to pronounce an indeterminate sentence of imprisonment in the state prison, stating in such sentence the minimum and maximum limitations thereof, fixing as the minimum a term not less than the minimum prescribed for the punishment of such offense, and as a maximum not more than the maximum time prescribed as the penalty. Within the limitations of the statute the penalty fixed was entirely within the sound discretion of the trial judge. Indian Fred v. State, 36 Ariz. 48, 282 P. 930.

"Where the court has discretion as to the penalty to be inflicted on the defendant it shall upon the suggestion of either party that there are circumstances which may properly be taken into consideration, hear evidence as to the same summarily in open court, either immediately or at a special time and upon such notice to the adverse party as the court may direct; or the court may inquire into such circumstances of its own motion." Section 44-2222, A.C.A.1939. See interpretation in State v. Levice, 59 Ariz. 472, 130 P.2d 53.

According to the statement of facts on conviction, prepared by the county attorney and certified to by the judge, the following facts and circumstances were presented to and considered by the trial judge prior to passing sentence:

"That the defendant, Gee Chee, was accused of the crime of kidnapping in the County of Pima, State of Arizona, in 1939; that on August 22, 1939, in the United

States District Court, Tucson, Arizona, the said defendant Gee Chee was sentenced to eighteen months imprisonment on one count of conspiracy and probation of five years on another count of extortion.

"That the defendant Gee Chee encouraged, solicited, aided and abetted the two brothers, George and Orlando Lopez, to steal articles of produce on three or four separate occasions for sale to him, the said Gee Chee, who operated a retail grocery business; and that the said Gee Chee furnished the Lopez brothers with his own truck to accomplish said crimes, on one or more occasions.

"That the said Gee Chee was a successful and intelligent business man, whereas, the Lopez brothers were comparatively illiterate, unintelligent and easily led."

■ Appellant, to substantiate his claim that the sentence was excessive, directs our attention to the fact that the two Mexican boys referred to in the statement of facts, from whom he knowingly received the stolen property, were informed against for burglary, entered pleas of guilty, and were placed on probation. The trial judge, after examining all the facts and circumstances surrounding their offense, determined to and did suspend the imposition of sentence, and placed the boys on probation. In the exercise of its sound discretion the court was authorized to suspend the imposition of sentence on the boys and place them on probation. From the statement of facts it appears that defendant Chee was a successful and intelligent businessman; whereas the Mexican boys were comparatively illiterate, unintelligent, and easily influenced. In view of his prior conviction for kidnapping, it would appear that he received as much consideration as he deserved. His appeal is devoid of any merit.

■ Our examination of the sentence passed on the defendant together with all the proceedings had subsequent thereto suggests another phase of the case that deserves attention. Our rules of criminal procedure provide that when the sentence imposes imprisonment it shall state the date at which the imprisonment is to begin. Section 44-2225 (Id.). By the provisions of Section 44-2301 (Id.), the warden of the state prison is the proper official to execute the sentence. A certified copy of the sentence is the warden's authority to confine the defendant. (Id.) The sentence in the instant case was for a term of not less than two years nor more than three years, to date from December 10, 1945. More than one year has elapsed since it was originally contemplated that the defendant would be imprisoned, during all of which time the execution of the sentence has been stayed and defendant has been at liberty on bail. Should this case merely be affirmed the warden upon receipt of defendant would necessarily be guided by the provisions of the sentence containing the order that the sentence started to run on December 10, 1945. This presents an incongrous situation that we think is not

without remedy. The authority of this court on appeal in criminal cases is promulgated by its own rule, Section 44-2536 (Id.), which reads as follows: "The appellate court may reverse, affirm or modify the judgment appealed from, and may grant a new trial or render any judgment or make any order which is consistent with the justice and the rights of the state and the defendant; on an appeal from an order made after judgment, it may set aside, affirm or modify the order or any proceeding subsequent to or dependent upon such order."

In interpreting this rule we deem it to be entirely consistent with justice and the rights of the state to modify the sentence to read "to date from the actual delivery of the defendant to the warden of the Arizona State Prison", and as modified the judgment and sentence are affirmed.

STANFORD, C. J., and UDALL, J., concurring.