190 P.2d 920

**STATE v. MOODY.**

No. 982.

Supreme Court of Arizona.
March 15, 1948.

Lewkowitz & Wein, of Phœnix, for appellant.

John L. Sullivan, Atty. Gen., Perry M. Ling, Chief Asst. Atty. Gen., and Francis J. Donofrio, Co. Atty., and Douglas Clark, Deputy Co. Atty., both of Phoenix, for appellee.

La PRADE, Justice.

The defendant, a negress, was convicted of robbery by force and putting the prosecuting witness in fear, and sentenced to the Arizona State Prison for a term of not less than eight nor more than twelve years. This appeal is brought under provisions of section 44-2537, A.C.A.1939, upon the sole ground that the sentence pronounced was excessive as contemplated by article 2, section 15, Arizona Constitution, prohibiting infliction of cruel and unusual punishment.

Briefly, the evidence discloses that the defendant and another negro woman at night accosted the prosecuting witness, a white man and asked him to give them a lift or ride to the bus stop. Both women were originally charged with the offense. The prosecuting witness testified that one of the women, Louise Elliott, got into the front seat with him; that appellant got into the rear seat; and that as he was pulling away from the curb Louise Elliott said to him, "Look, she is playing guard," referring to Constance Moody. The witness turned his head and saw appellant holding a razor to his neck. He was ordered to drive down a certain street, then down a second street, and then to stop, which he did. At this time Louise Elliott rifled his hip pocket of his wallet; removed two ten-dollar bills therefrom; threw the wallet on the seat of his car; whereupon both women jumped out and ran. The victim grabbed a hammer from the floor of the car and chased Constance Moody to a truck into which she had jumped to hide herself. He dragged her from the truck, took her back to his automobile, shoved her in, and started to the police station. Arriving at a traffic signal he was compelled to stop, at which time she jumped out of the car and successfully eluded him. Louise was apprehended in the neighborhood shortly thereafter and the appellant later that night.

A first trial of appellant resulted in a hung jury. Prior to the first trial the county attorney, with permission of the

76

court, reduced the charge against Louise Elliott to petty theft, to which she pleaded guilty and was sentenced to serve sixty days in the county jail. We attach no significance to the complaint of appellant that she was discriminated against by virtue of the variance in the two sentences. It does not follow that because one of the accused was dealt with lightly the sentence of appellant was excessive.

█ Defendant's witness Louise Elliott testified that she got into the car after the prosecuting witness had "propositioned" her for a "date"; that they drove a few blocks; that he voluntarily gave her ten dollars; that she had the "date" with the prosecuting witness in the front seat; and that thereafter he demanded return of his money on the asserted ground that he had been forcibly frustrated. She claimed to have been without fault and that he was guilty of levissima diligentia. The verdict of the jury forecloses appellant's version of the facts and establishes her guilt.

█ The penalty for robbery by force or fear is imprisonment for a term of not less than five years and may be extended to life. Section 43-5101, A.C.A.1939. Sentence was passed some six days after the jury had returned its verdict. During this time the trial judge had opportunity to examine into appellant's antecedents and criminal character, which was his privilege and duty to enable him intelligently and judicially to mete out a sentence commensurate with appellant's crime and disposition to engage in criminal activities.

State v. Smith, 66 Ariz. 376, 189 P.2d 205. A copy of the Federal Bureau of Investigation record contained in the statement of facts on conviction, prepared by the county attorney, which constitutes an integral part of the documents here on appeal, discloses that since the year 1932 appellant has been repeatedly arrested and convicted for vagrancy, prostitution, and carrying concealed weapons. This record discloses that in the year 1934 she was convicted of grand theft in the State of California and sentenced to the State Prison for a term of one to ten years. In view of the liberal provisions of our statutes, sections 47-108 to 47-109, A.C.A.1939, granting to convicts deductions from their maximum sentence for good behaviour and for services performed while trustees, we conclude that the sentence appealed from was not excessive, and was not disproportionate to the nature of the offense and the character of the defendant, State v. Carter, 66 Ariz. 12, 182 P.2d 90, " * * * Within the limitations of the statute the penalty fixed was entirely within the sound discretion of the trial judge." Chee v. State, 65 Ariz. 147, 176 P.2d 366, citing Indian Fred v. State, 36 Ariz. 48, 272 P. 930, and will not be revised unless it clearly appears that the sentence imposed is excessive, resulting in an abuse of discretion. The assigned ground of this appeal challenges our credulity, especially when presented by experienced attorneys.

Judgment is affirmed.

STANFORD, C. J., and UDALL, J., concur.