376 P.2d 773

**The STATE of Arizona, Appellee,**

v.

**Ralph Romero QUINTANA, Appellant.**

No. 1186.

Supreme Court of Arizona.

En Banc.

Dec. 13, 1962.

George F. Macdonald, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., John A. Murphy, Jr., Asst. Atty. Gen., Charles C. Stidham, County Atty., of Maricopa County for appellee.

MYERS, Judge.

Appellant (hereinafter called defendant) was tried by a jury on February 16, 1960, and convicted on two counts of burglary in the first degree.

After several continuances at the request of the defendant he was sentenced on March 3, 1960, to serve nine to ten years in the State Penitentiary on the first count, and five to six years on the second count. The sentences were to run consecutively. The defendant appeals from the judgment and sentence of the lower court.

The defendant contends, first, that the judgment and sentence are not sustained by law and evidence. Appellant points to two examples of testimony as showing the weakness of the State's evidence. First, the testimony of one of the arresting officers was that the person who committed the crime "appeared to be a juvenile at first glimpse". The defendant at the time of commission of the crime was a married man of the age of twenty-two years. Second, the testimony of another of the arresting officers was that he looked at the defendant's driver's license. Evidence introduced on behalf of the defendant showed that the defendant had no driver's license at that time.

This argument goes to the weight of the evidence rather than its sufficiency, and may not be properly considered on appeal. If the trial court refuses to grant a new trial where there is conflicting evidence this Court will not disturb its ruling if there is evidence to support the verdict. Chung Sing v. United States, 4 Ariz. 217, 36 P. 205.

The defendant further contends that the trial court erred in overruling and denying defendant's motion for continuance of the sentence.

The record discloses that the trial court, on February 16, 1960, entered an order setting the time for sentencing on February 24, 1960. On February 24, 1960, the court granted defendant's motion to continue the sentencing until 1:30 P.M. of the same day, and at that time entered another order continuing the matter until March 2,

1960. On March 2, 1960, at defendant's request the matter was further continued until March 3, 1960. On March 3, 1960, the court denied the defendant's motion for another continuance.

Except for Rule 332, Rules of Criminal Procedure, 17 A.R.S., motions for a continuance are addressed to the sound discretion of the trial court. *Quayle v. State*, 19 Ariz. 91, 165 P. 331; *Stirling v. State*, 38 Ariz. 120, 297 P. 871. The facts in this case do not show an abuse of discretion by the trial court in denying the defendant's motion for a further continuance of the time of sentencing. Defendant's request for an additional continuance was so that there could be a pre-sentencing investigation of defendant's claim that he had found the person who really committed the crimes. The trial judge considered a statement by a third person after the jury had returned a verdict that he, not defendant, had committed the crime. The trial judge also considered a subsequent statement by the same person that he had not committed the crime but had been persuaded to confess to it by the defendant. The trial judge believed this latter statement. Under these circumstances the trial judge was of the opinion that no further investigation was necessary.

The defendant by his third assignment of error contends that the trial court denied defendant his constitutional right, to have his case tried, and the sentence imposed by a fair and impartial judge. The basis for charge of bias is, again, the refusal of the trial judge to grant another continuance or to hold further investigation before sentencing. We find no evidence to substantiate this charge. No attempt was ever made by the defendant to secure a change of judge in accordance with Rules 196 through 200, Rules of Criminal Procedure. This Court is committed to the rule that once a trial judge is allowed to receive evidence which is to be used and weighed in deciding the ultimate issues, it is too late to disqualify him on the ground of bias and prejudice. *Arizona Conference Corp. v. Barry*, 72 Ariz. 74, 231 P.2d 426.

The defendant further contends by assignments of error, Numbers 4, 5 and 6, that the trial court erred in assuming the role of both judge and jury and deprived defendant of his liberty without due process contrary to Article 2, section 4, Constitution of Arizona, A.R.S., and that the trial court further erred and abused its discretion by imposing an excessive sentence and deprived defendant equal protection of the law under the Fourteenth Amendment to the Constitution of the United States in that the sentence was excessive, cruel and inhuman.

Section 13–302(B), A.R.S., provides that burglary in the first degree shall be

punishable by imprisonment in the State prison for not less than one nor more than fifteen years.

Although the fixing of the punishment for the commission of a crime is purely legislative, the pronouncement of the judgment of conviction and the imposition of sentence of punishment thereon, according to the legislative mandate, is a judicial function in Arizona. In re Gutierrez, 82 Ariz. 21, 307 P.2d 914. Section 13–1643, A.R.S., providing for an indeterminate sentence, vests in the court the power and mandatory duty to impose an indeterminate sentence in all felony cases except murder in the first degree. The validity of this statute has never been, and could not be, successfully questioned. In re Gutierrez, supra.

Sections 13–1642 and 13–1643, A.R.S., expressly give the trial court the authority to assume the role of both judge and jury to hear and determine the facts and circumstances surrounding the case in determining the penalty to be imposed, and in doing so it is not bound by the strict rules of evidence applying in trials, since such a proceeding is not a trial in the ordinary sense of the word, but it may consider many matters not admissible on the issue of guilt or innocence. State v. Levice, 59 Ariz. 472, 130 P.2d 53. Possibly, the trial court took into consideration, in determining the sentence imposed on the defendant, the defendant's prior felony conviction, his violation of parole, the nature of his second felony conviction, and his attempt to work a fraud upon the court by frightening an eighteen year old boy into perjuring himself by falsely confessing to the crime for which the defendant was convicted.

We have repeatedly held that where a discretion is vested in the trial judge as to the limits of the sentence, he should consider not only the circumstances of the offense charged but also the moral character and past conduct of the defendant himself in order that he may grade the punishment in accordance with the general character of both the offense and of the party convicted. State v. Fenton, 86 Ariz. 111, 341 P.2d 237; State v. Levice, 59 Ariz. 472, 130 P.2d 53; and that the penalty upon conviction of a crime is, within the limitations of statute, entirely within the sound discretion of the trial judge, and will not be modified unless it clearly appears that the sentence imposed is excessive, resulting in an abuse of discretion. State v. Moody, 67 Ariz. 74, 190 P. 2d 920; Chee v. State, 65 Ariz. 147, 176 P.2d 366.

We have previously held that the indeterminate sentence act does not in anywise violate the equal protection clause of the Federal Constitution. In re Gutierrez, supra. We further find nothing in the

record to substantiate the claim of the defendant that he was deprived of his liberty without due process of law.

■ Where the statute fixing punishment for an offense is not unconstitutional, a sentence within the limits prescribed by such statute will not be regarded as cruel and unusual. State v. Castano, 89 Ariz. 231, 360 P.2d 479.

Upon examination of the record of the case and the circumstances of the offense charged and the moral character and past conduct of the defendant, as the same appears therefrom, we conclude that the sentence imposed by the trial court was not excessive and was not disproportionate to the nature of the offense and the character of the defendant.

The judgment and sentence of the trial court are affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER, J., and ROBERT E. McGHEE, Superior Court Judge, concur.

NOTE: JENNINGS and LOCKWOOD, JJ., having disqualified themselves, the Honorable ROBERT L. MYERS and the Honorable ROBERT E. McGHEE, Judges of the Superior Court of Maricopa and Gila Counties, respectively, were called to sit in their stead and participate in the determination of this appeal.