380 P.2d 604

**STATE of Arizona, Appellee,**

v.

**Marion Andrews MABERRY, Appellant.**

**No. 1301.**

Supreme Court of Arizona,

In Division.

April 10, 1963.

---

Joseph T. O'Brien, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., Stirley Newell, Asst. Atty. Gen., for appellee.

UDALL, Vice Chief Justice.

From a conviction of the crime "grand theft" and a sentence of seven to nine years in the state penitentiary Marion Andrews Maberry appeals. He contends that the sentence is excessive.

Maberry was originally charged with violation of A.R.S. § 13–303, "burglary by mechanical means." He had been apprehended on December 8, 1961 while prying open a pay telephone. The charge of "burglary by mechanical means" carries a minimum penalty of imprisonment in the state prison for five years. To this charge the appellant pleaded not guilty. Later the Information was amended deleting the charge of "burglary by mechanical means" and charging instead the crime "grand theft", A.R.S. §§ 13–661 and 13–663. This crime carries a penalty of one to ten years in the state prison. A.R.S. § 13–671. To this charge the appellant pleaded guilty and was sentenced to be confined in the Arizona State Prison.

Appellant's sole assignment of error is that the sentence of seven to nine years in the state prison is "so severe as to shock the moral sense of the community." He pleads with this Court to exercise its authority under A.R.S. § 13–1717(B) to reduce the sentence. A.R.S. § 13–1717(B) reads:

·"Power of supreme court to correct and reduce sentence upon appeal by defendant

\*　　\*　　\*　　\*　　\*　　\*

"B. Upon an appeal from the judgment or from the sentence on the ground that it is excessive, the court shall have the power to reduce the extent or duration of the punishment imposed, if, in its opinion, the conviction is proper, but the punishment imposed is greater than under the circumstances of the case ought to be inflicted. In ·such a case, the supreme court shall impose any legal sentence, not more severe than that originally imposed, which in its opinion is · proper. Such sentence shall be enforced by the court from which the appeal was taken."

This language invests us with broad discretionary powers which, under the circumstances of this case and our understanding of punitive law, we are disinclined to invoke in appellant's behalf.

According to modern legal thought reformation and rehabilitation of offenders rather than retribution are the important goals of criminal jurisprudence. Williams v. People of State of New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). To state this dominant objective is to say—borrowing the words of the late Dean Roscoe Pound—that "criminal law [is] made .a means to social ends \* \* \*.

[P]unishment is to be governed by ·its social end and is to be fixed with reference to the future rather than to the past." I Pound, Jurisprudence, 134 (1959). The origin of the word "penitentiary" itself sheds some light on these goals of criminal law. Early Quakers believed that if work, solitary confinement, and the Bible were provided the prisoner would become "penitent," thus the term "penitentiary" came into common use. Kirkpatrick, Prisons Produce People, 5 The Criminal Law Quarterly 364 (1962). Today we would conclude that penance and reform require more than this simple formula prescribes. Nevertheless, that early concept established a policy of punitive law which we are prone to follow.

Indeterminate sentencing itself is in keeping with this philosophy. It makes possible the reform of the offender on a personalized basis. See State v. Douglas, 87. Ariz. 182, 349 P.2d 622 (1960).

Appellant has two felon convictions on his record—one in 1948 for burglary and the other in 1957 for passing a bogus check. Apparently he had been convicted of some misdemeanors as well. The record does not · disclose that any of these crimes involved great moral depravity such as is commonly associated with rape, mayhem, homicide or any one of a number of ·other crimes. Furthermore, nine years' lapsed between the first felon conviction and the second. Now

six years have passed and he is brought up for correction again. The fact that there is no evidence of basic moral depravity of the type we have suggested on appellant's part and that such long periods of time have passed between his offenses indicates that appellant is capable of rehabilitation. Consequently, the sentence to be imposed upon him in this instance should be so done with his rehabilitation in mind. An unfairly long sentence or a gratuitously short one would defeat this purpose and destroy hopes for his future useful participation in society.

■ Because a defendant appears in person before the trial judge, the trial judge is, in most instances, better able than we to evaluate him and to determine what is necessary to rehabilitate him to constructive activity. It is for this reason that the legislature has given the trial court wide discretion to sentence a defendant for a period somewhere between a statutory minimum and a statutory maximum. See State v. Quintana, 92 Ariz. 308, 376 P.2d 773 (1962); State v. Douglas, supra. We have traditionally been prone to uphold a sentence declared by a trial judge when it is in conformity with the statute and there is no clear evidence that he has abused his power in the particular case. State v. Castano, 89 Ariz. 231, 360 P.2d 479 (1961). With the defendant himself and the defendant's record of previous offenses

before him, the trial judge in the case at bar may well have felt that if the rehabilitation of the defendant was to be realized the sentence should extend up toward the maximum.

■ That there apparently was a "bargaining for pleas" between defendant and the county attorney in amending the original information and answer does not in and of itself prove that a lesser sentence would tend to rehabilitate the defendant. If such bargaining did in fact take place it shows only that defendant was willing to seek the mercy of the court. That mercy is best meted out when the sentence is designed to rehabilitate the defendant. We find no evidence in this case to show that defendant was dealt with unjustly or that his own best interest—rehabilitation to a constructive life—was not taken into consideration when he was sentenced by the trial judge. If it is a loss of incentive to reform and rehabilitate himself that he fears he need not despair because upon good behavior in prison he will be given credit on time served and can actually be released before the expiration of the minimum time for which he is sentenced. A. R.S. §§ 31–251 and 31–252.

Judgment affirmed.

BERNSTEIN, C. J., and STRUCK-MEYER, J., concurring.