385 P.2d 207

**STATE of Arizona, Appellee,**

v.

**Alonzo "Keno" CALDERA, Appellant.**

**No. 1290.**

Supreme Court of Arizona.

In Division.

Sept. 18, 1963.

Rehearing Denied Oct. 15, 1963.

John G. Thomas, Shepard M. Weinstein, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., and Stirley Newell, Asst. Atty. Gen., for appellee.

BERNSTEIN, Chief Justice.

Appellant was defendant in a criminal action for the sale and possession of heroin. Special narcotics investigators had made purchases of heroin from the defendant on two successive days. Defendant kept his supply of heroin in his house. He was charged in four counts and pleaded not guilty. Subsequently he withdrew his plea of not guilty and pleaded guilty to Counts I and II. The trial judge sentenced him to 10 to 15 years on Count I and 10 to 15 years on Count III, the sentences to be served consecutively. Approximately one year later the trial judge vacated the sentence imposed on Count III as being not within the authority of the court, the defendant neither having pleaded guilty nor having been tried on that count. The trial court then imposed a 10 to 15 year sentence on Count II. This sentence was to commence on the same date as the sentence imposed on Count I and was to run concurrently with it.

Appellant contends that the sentences are excessive and should be reduced by this Court pursuant to the authority conferred by A.R.S. § 13–1717, subd. B. It is his argument that this was a first offense and the trial court should have exercised its discre-

tion pursuant to A.R.S. § 36–1020 which reads:

> "A person violating any provision of this article shall, upon conviction, be punished by a fine not exceeding fifty thousand dollars and imprisonment in the state prison for not more than twenty-five years, but for the first offense the court may, in its discretion, impose a fine not exceeding one thousand dollars, imprisonment in the county jail not exceeding one year or both."

Appellant suggests a sentence of from 1 to 5 years.

■ Appellant has not questioned the jurisdiction of the court to impose sentence on Count II in the manner and at the time as it was finally imposed. The sentence on Count I was not affected by the order and as no appeal from the original sentence on Count I was filed within the time allowed, the propriety of that sentence is not before the Court, Rule 348, subd. A, Rules of Criminal Procedure, 17 A.R.S.

Appellant's arguments as to the sentence imposed on Count II are that it was so excessive as to "shock the moral sense of the community" and that the information before the sentencing judge was "unreliable, misleading, and inflammatory."

■ As we said in State v. Maberry, 93 Ariz. 306, 380 P.2d 604, 606:

> "Because a defendant appears in person before the trial judge, the trial judge is, in most instances, better able than we to evaluate him and to determine what is necessary to rehabilitate him to constructive activity. It is for this reason that the legislature has given the trial court wide discretion to sentence a defendant for a period somewhere between a statutory minimum and a statutory maximum. See State v. Quintana, 92 Ariz. 308, 376 P.2d 773 (1962); State v. Douglas, [87 Ariz. 182, 349 P.2d 622] supra. We have traditionally been prone to uphold a sentence declared by a trial judge when it is in conformity with the statute and there is no clear evidence that he has abused his power [discretion] in the particular case."

While defendant had not been convicted of a previous narcotics offense his record showed he had been convicted previously of a different felony, placed on probation, and sentenced to the State Prison for violation of his probation.

■ We have examined the record and find no evidence that the trial judge abused his discretion in this particular case.

Affirmed.

UDALL, V. C. J., and STRUCKMEYER, J., concur.