385 P.2d 1017

STATE of Arizona, Appellee,

v.

Marcellino Lyon RUBIO, Appellant.

No. 1298.

Supreme Court of Arizona.

In Division.

Oct. 23, 1963.

.John Campo, III, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., and Merton E. Marks, Asst. Atty. Gen., for appellee.

BERNSTEIN, Chief Justice.

Appellant was convicted of rape and sentenced to from 30 to 50 years.

■ On appeal from conviction and the denial of a new trial this Court will view the evidence in the light most strongly in favor of upholding the jury's verdict. State v. Barker, 94 Ariz. 383, 385 P.2d 516 (Oct. 10, 1963). So viewed, the evidence shows that on the evening of June 22, 1962, at about 8:00 p. m., the defendant and his mother called on the prosecutrix who lived in the same apartment building. At about 9:00 p. m., defendant's mother left and he

remained, saying he wished to use the phone. Defendant was 38; the prosecutrix was 67 and the mother of 9 adult children. When the prosecutrix entered the front room of her apartment, defendant forced her into the bedroom and, threatening violence if she resisted, forcibly raped her.

■ Defendant was jailed for disturbing the peace on the basis of a complaint filed in the Mesa City Court that evening by one of the prosecutrix' sons. Two or three days later the prosecutrix signed the complaint charging rape. During the time he was incarcerated in Mesa, defendant was held in a cell on the ground floor of the jail. On at least one occasion two of the prosecutrix' sons and others stood outside underneath the window and menaced the defendant, warning him that they would "give it to him" if he ever got out.

Defendant first claims that the threats made to him while he was in jail frightened him and caused him to give a statement to the police in which he confessed his guilt. The statement, he now contends, was not voluntary and should not have been admitted into evidence. In other words, defendant claims that he signed the statement under duress, preferring imprisonment to the dire consequences awaiting him at the hands of the prosecutrix' sons.

■ The initial determination of the voluntariness of a confession is for the trial

court. Its decision "will not be disturbed on appeal unless there is clear and manifest error." State v. Pulliam, 87 Ariz. 216 at 220, 349 P.2d 781 at 784. The record is clear that the defendant received no mistreatment at the hands of the police. Officer Gomez, who took the statement, testified that the defendant called to him and said "I have done a lot of things bad in my time, but this, I wish to tell you about." The two of them went to Gomez' office and talked, and finally Gomez typed the statement, which the defendant admits he then read and signed. The defendant does not accuse the police of using wrongful treatment. He said at trial that he would have given a statement under any circumstances but that he wouldn't have signed it except for the threats made by the prosecutrix' sons

The defendant was educated through the eighth grade. He spoke both Spanish and English, and was able to read and write. Although not solely determinative of the issue, it is interesting to note that the record before us shows the man who is claiming to have been frightened by these threats has been imprisoned on three separate occasions for felony convictions, one of which was for manslaughter, another for robbery. There is no evidence whatever that he was unusually susceptible to intimidation. It is true that threats of mob violence may render a confession inadmissible as being involuntarily made. See extensive annotation, 24 A.L.R. 703. Thomas v. Arizona, 356 U.S. 390, 78 S.Ct. 885, 2 L.Ed.2d 863. See also State v. Thomas, 78 Ariz. 52, 275 P.2d 408. The ultimate question is whether the defendant acted of his own volition in making his confession.

The issue of the voluntariness of this confession was properly presented to the trial judge in closed hearing. Having made the preliminary determination that the confession was admissible, he then submitted it to the jury upon the cautionary instruction that they were not to consider the defendant's signed statement unless they were satisfied that he made it of his own free will.

Defendant's assignment of error of the denial of his motion for new trial on the ground that the verdict was against the weight of the evidence is without merit.

Defendant's final assignment challenges the sentence imposed on him as excessive. The matter of sentencing is one left to the discretion of the trial judge and will not be modified except for abuse. Where the statute is constitutional under which a sentence is imposed, no sentence within the statutory limit is deemed to be cruel and unusual. State v. Castano, 89 Ariz. 231, 360 P.2d 479. We said, in State v. Quintana, 92 Ariz. 308 at 312, 376 P.2d 773 at 776:

**4**

"We have repeatedly held that where a discretion is vested in the trial judge as to the limits of the sentence, he should consider not only the circumstances of the offense charged but also the moral character and past conduct of the defendant himself in order that he may grade the punishment in accordance with the general character of both the offense and of the party convicted. State v. Fenton, 86 Ariz. 111, 341 P.2d 237; State v. Levice, 59 Ariz. 472, 130 P.2d 53; and that the penalty upon conviction of a crime is, within the limitations of statute, entirely within the sound discretion of the trial judge, and will not be modified unless it clearly appears that the sentence imposed is excessive, resulting in an abuse of discretion. State v. Moody, 67 Ariz. 74, 190 P.2d 920; Chee v. State, 65 Ariz. 147, 176 P.2d 366."

The statute under which the defendant was sentenced provides a penalty of imprisonment for life or for any term of not less than 5 years. The trial court had before it a number of material considerations such as the nature of the crime and defendant's prior felony convictions. We cannot say that under the circumstances the court abused its discretion.

Affirmed.

UDALL, V. C. J., and LOCKWOOD, J., concur.