400 P.2d 131

**The STATE of Arizona, Appellee,**

v.

**Daniel J. LOUDEN, Appellant.\***

**I CA–CR 4.**

Court of Appeals of Arizona.

March 22, 1965.

John J. Murphy, Phoenix, for appellant.

Robert W. Pickrell, Former Atty. Gen., by Stirley Newell, Asst. Atty. Gen., Darrell F. Smith, Atty. Gen., for appellee.

\* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 1438. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

CAMERON, Judge.

Defendant was convicted by a jury of the crimes of Burglary in the first degree and Forgery. He was sentenced to serve a term of 5 to 10 years on each count, said sentences to run consecutively instead of concurrently. Defendant appeals claiming that the sentences are excessive and that it is cruel and unusual punishment.

The facts of the matter so far as is necessary in our determination of the case is concerned are as follows:

Defendant and another broke into defendant's former employer's office between one and two A.M. on 14 June, 1963. They took 14 blank payroll checks and using the employer's check writer, filled out the checks. On of the checks (for $155.24) was cashed at a supermarket and another (for $155.26) was cashed at a jewelry store.

When defendant was arraigned, his attorney requested mental examination under Rule 250 of the Rules of Criminal Procedure, 17 A.R.S. After considering the reports of two psychiatrists, the court found that the defendant was able to understand the proceedings against him and was able to assist in his defense. The court then ordered that the matter proceed to trial.

Defendant has a past history of commitment to mental hospitals. He was last released after a six month stay in 1962.

Defendant's record as reported in the statement of facts on conviction indicates that he has five previous felony convictions: 2 for auto theft, 2 for burglary, and 1 for carrying a concealed weapon.

The sentence possible for Forgery is 1 to 14 years, A.R.S. § 13–421, and for first degree Burglary 1 to 15 years, A.R.S. § 13–302, subsec. B, and this court has the power to reduce the extent or duration of the punishment if it is excessive, A.R.S. § 13–1717, subsec. B.

Our Supreme Court has upheld consecutive sentences of 9 to 10 years on first count of first degree Burglary, and 5 to 6 years on second count of first degree Burglary where the defendant had one prior felony conviction and a violation of parole, State v. Quintana, 92 Ariz. 308, 376 P.2d 773 (1962), a sentence 7 to 9 years on grand theft where the defendant had two prior felony convictions, State v. Maberry, 93 Ariz. 306, 380 P.2d 604 (1963), and 10 to 12 years on an offense involving narcotics when there was no prior conviction. State v. Castano, 89 Ariz. 231, 360 P.2d 479 (1961).

Under the circumstances we do not believe that two sentences of 5 to 10 years to run consecutively, where the defendant had 5 prior felony convictions, to be excessive.

Our court has stated on more than one occasion, that if the statute fixing punishment for an offense is constitutional, then a sentence within the statutory limit is not cruel and unusual, under Article II, Sec. 15 of the Constitution of Arizona, A.R.S., State v. Castano, supra.

Our Supreme Court has also stated in a similar situation, citing § 44–2226, A.C.A. 1939, (now Rule 339, Rules of Criminal Procedure) :

"Rule 339. Sentence; when concurrent and when consecutive

"When the defendant has been convicted of two or more offenses charged in the same indictment or information, the terms of imprisonment shall be served concurrently unless the court expressly directs that they or some of them be served consecutively. Sentences of imprisonment for offenses not charged in the same indictment or information shall be served consecutively unless the court expressly directs that they or some of them be served concurrently."

The judgment of the court below is affirmed.

DONOFRIO, J., and MELVYN T. SHELLEY, Superior Court Judge, concurring. NOTE: Chief Judge Henry S. Stevens having requested that he be relieved from consideration of this matter, Judge Melvyn T. Shelley was called to sit in his stead and participate in the determination of this decision.