401 P.2d 147

**The STATE of Arizona, Appellee,**

v.

**George E. MORRIS, Appellant.**

No. 1358.

Supreme Court of Arizona.
En Banc.

April 14, 1965.

Darrell F. Smith, Atty. Gen., Phoenix, Norman E. Green, Pima County Atty., Tucson, for appellee.

Leon Thikoll, Tucson, for appellant.

McFARLAND, Justice:

This is an appeal by George E. Morris, hereinafter referred to as defendant, from a judgment and sentence of from three to five years in the State Prison, rendered upon a plea of guilty to lewd and lascivious acts in violation of A.R.S. § 13–652, quoted as follows:

"A person who wilfully commits, in any unnatural manner, any lewd or lascivious act upon or with the body or any part or member thereof of a male or female person, with the intent of arousing, appealing to or gratifying the lust, passion or sexual desires of either of such persons, is guilty of a felony punishable by imprisonment for not less than one nor more than five years." 5 A.R.S. p. 189

Defendant's brief cites solely one cause for this appeal—viz., the sentence was excessive, and was an abuse of the trial court's discretion, and this court, under the authority of A.R.S. § 13–1717 B, should modify the sentence.

"B. Upon an appeal from the judgment or from the sentence on the

ground that it is excessive, the court shall have the power to reduce the extent or duration of the punishment imposed, if, in its opinion, the conviction is proper, but the punishment imposed is greater than under the circumstances of the case ought to be inflicted. In such a case, the supreme court shall impose any legal sentence, not more severe than that originally imposed, which in its opinion is proper. Such sentence shall be enforced by the court from which the appeal was taken." 5 A.R.S. p. 567

To support his argument for objection, defendant notes that this was his first offense, and that his record is free of prior criminal conduct. A.R.S. § 13–652 provides a punishment of one to five years for its violation. This court held, in the case of State v. Castano, 89 Ariz. 231, 360 P.2d 479:

"* * * it is a cardinal principle that the penalty upon conviction of a crime is, within the limits of statute, entirely within the sound discretion of the trial judge, and will not be modified unless it clearly appears that the sentence imposed is excessive, resulting in an abuse of discretion. State v. Moody, 67 Ariz. 74, 190 P.2d 920; Chee v. State, 65 Ariz. 147, 176 P.2d 366.

"Where a discretion is vested in the trial judge as to the limits of the sentence, he should consider not only the circumstances of the offense charged but also the moral character and past conduct of the defendant himself in order that he may grade the punishment in accordance with the general character of both the offense and of the party convicted. State v. Fenton, 86 Ariz. 111, 119, 341 P.2d 237; State v. Smith, 66 Ariz. 376, 189 P.2d 205; State v. Levice, 59 Ariz. 472, 130 P.2d 53." 89 Ariz. at 233, 360 P.2d at 480.

■ This court has repeatedly followed the ruling set forth in the Castano case. State v. Sparks, 97 Ariz. 358, 400 P.2d 586 (April 1, 1965); State v. King, 96 Ariz. 45, 391 P.2d 598; State v. Maberry, 93 Ariz. 306, 380 P.2d 604; State v. Killian, 91 Ariz. 140, 370 P.2d 287. The record here on appeal reveals no abuse of the trial judge's discretion upon imposing the sentence in question. The act for which defendant pleaded guilty was carried on with a boy eight years of age. The signed statement of defendant admits many such acts. While mostly with men, it sets forth a depraved record. Defendant who was represented by counsel was sentenced within the limits provided for by statute, and therefore there was no abuse of discretion. The sentencing court is not required to render a minimum sentence to the first offender. State v. Killian, supra.

Judgment and sentence affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and BERNSTEIN and UDALL, JJ., concurring.