403 P.2d 7

The STATE of Arizona, Appellee,

v.

Louis Clayton ADAMS, Appellant.

I CA–CR 19.

Court of Appeals of Arizona.

June 14, 1965.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

Frank E. Dickey, Jr., Phoenix, for appellant.

STEVENS, Chief Judge.

The defendant was charged with four counts of obtaining money or merchandise by means of a bogus check, each count being a felony and each count relating to a different date all dates being within a two week period. Each count was charged to be a violation of Section 13–311 A.R.S. which states:

"* * * punishable by imprisonment in the state prison for not less than one nor more than five years."

Initially the defendant entered a plea of not guilty as to each count, this being accomplished by standing mute. Later the defendant was released on bond. The 60 day trial period was waived. On the day scheduled for trial the defendant appeared in court with his attorney and withdrew his pleas of not guilty. He thereupon entered a plea of guilty to each count one and count two and upon motion of The County Attorney, counts three and four were dismissed. On the day fixed for sen-

tence he was adjudged guilty of each count one and count two and in relation to each count, he was sentenced to the Arizona State Prison for not less than four years and not more than five years for sentences to run concurrently. The formal written judgment of guilt and sentence was signed and filed. The information does not formally charge a prior conviction. The record discloses at the time of the offenses the defendant was under a five year probation for a felony, the probation having been granted by a Federal Court.

The defendant in person gave notice of appeal from the sentence and counsel was appointed to represent him on appeal. This case has been submitted to us for our examination as to a claimed excessive sentence and as to fundamental error.

It was within the power of the trial judge to impose successive sentences each with a maximum of five years. In the absence of an abuse of discretion the matter of sentences rests in the sound discretion of the trial judge. State v. Ortiz, Arizona Supreme Court, 402 P.2d 14 decided May 12, 1965 and State of Arizona v. Alford, Arizona Supreme Court decided June 3, 1965.

It is permissible for the trial court to take the fact of a prior conviction into consideration in determining the sentence to be imposed even though the prior conviction is not charged in the information so long as the maximum sentence imposed does not exceed the maximum authorized under the statute which fixes the penalty for the offense charged. State v. Sparks, Ariz., 400 P.2d 586 (1965).

The Court finds no abuse of discretion in the imposition of the sentence and finds no error in the record. The judgments of guilt and of sentence are affirmed.

CAMERON and DONOFRIO, JJ., concurring.