405 P.2d 830

Frank A. EYMAN, Warden, Arizona State Prison, the State of Arizona, et al., Appellees,

v.

Jack P. McPHERSON, Appellant.

No. 2CA–CR 29.

Court of Appeals of Arizona.

Sept. 22, 1965.

Darrell F. Smith, Atty. Gen., James S. Tegart, Asst. Atty. Gen., Phoenix, for appellees.

Jack P. McPherson, in pro. per.

KRUCKER, Chief Judge.

Appellant, Jack P. McPherson, filed a petition for a writ of habeas corpus in the Superior Court of Pinal County. The writ was quashed without formal hearing and applicant-appellant herein appeals to this Court.

Appellant had entered pleas of guilty to lewd and lascivious acts, three counts, in the Superior Court of Maricopa County, and was sentenced to serve not less than two nor more than three years on each count, sentences to run consecutively.

Three questions are raised in this appeal:

First, can the Superior Court legally impose consecutive sentences.

Second, must the court in every case issue a writ of habeas corpus or order to show cause and hold a formal hearing.

Third, when a defendant is sentenced to consecutive sentences, with no prior felony conviction, how should the time to be served by the defendant be computed.

Concerning the first question, it has been resolved in this State many times that consecutive sentences on more than one count of an information are legal and within the sound discretion of the trial judge. Rule 339, Rules of Criminal Procedure, 17 A.R.S. Also see State ex rel. Jones v. Superior Court, 78 Ariz. 367, 280 P.2d 691 (1955), and State v. Voeckell, 69 Ariz. 145, 210 P.2d 972 (1949).

As to the second question, we hold that the court is not required to issue a writ of habeas corpus merely because one is asked for. State v. Superior Court, 26 Ariz. 584, 229 P. 96 (1924). In that case the court states:

"* * * The court does not have to order the issuance of a writ of *habeas corpus,* and ought not to order it, simply because it is asked to do so in a formal writing. The instrument presented to the court must contain a statement of the facts that shows at least a *prima facie* case of false or unlawful imprisonment. General assertions or insinuations of unlawfulness will not do."

\* \* \* \* \* \*

"* * * It is not only an erroneous and false idea to assume that the writ of *habeas corpus* must issue in all cases where it is applied for, whether it is well grounded or not, but to issue it in the absence of a showing of an unlawful restraint is an arbitrary and capricious abuse of power."

We have examined the record of the Superior Court of Pinal County and the prison release time sheets filed herein, and the calculations appear to be correct. Both appellant and appellees agree as to the amount of time served and the credits given in accordance with the provisions of A.R.S. § 31–251 and § 31–252.

A writ of habeas corpus in a case such as this tests whether the petitioner is entitled to release as a matter of right, which, in turn, is determined by whether his maximum sentence has been served. See Beaty v. Shute, 54 Ariz. 339, 95 P.2d 563 (1939).

The board of pardons and paroles applied the time served with credits to the maximum term of the first and second sentences and applied the time served with credits to the minimum term of the third sentence.

The principal question before this Court is whether the computations should be made and calculated on the minimum or maximum of intermediate terms. Legally,

service of a sentence made consecutive to another or others cannot and does not begin until the other or others have been executed and satisfied. 24B C.J.S. Criminal Law § 1996 (7), p. 681.

Under long established practices of the board of pardons and paroles of this State in handling parole where there are consecutive sentences, calculations have been based on the maximum sentence.

 As stated in Columbia Investment Company v. M. M. Sundt Construction Company, 1 Ariz.App. 124, 400 P.2d 132 (1965), the fact that a department of the State has carried out a policy concerning the point at issue in the appeal and that that policy has not been upset by the Legislature, is some evidence of the legislative intent. We hold that if the policy of the board is not in accord with the legislative intent, it should be corrected by the Legislature.

Finding no error from the record, the order of the Superior Court of Pinal County, denying appellant's petition for a writ of habeas corpus is affirmed.

HATHAWAY and MOLLOY, JJ., concur.