410 P.2d 698

**STATE of Arizona, Appellee,**

v.

**Freddie Lee OWEN, Appellant.**

**No. 2 CA–CR 26.**

Court of Appeals of Arizona.

Feb. 9, 1966.

Rehearing Denied March 8, 1966.

Darrell F. Smith, Atty. Gen., Norman E. Green, County Atty., Pima County, Carl Waag, Deputy County Atty., Pima County, Tucson, for appellee.

John C. Weaver, Tucson, for appellant.

KRUCKER, Chief Judge.

This is an appeal from sentence entered upon appellant's plea of guilty to the charge of grand theft. Appellant contends that the sentence is invalid in that it is indeterminate and that it constitutes cruel and unusual punishment because its duration is unduly long in view of the crime charged.

Appellant pleaded guilty to the charge of grand theft and was sentenced to a term of imprisonment for not less than nine years nor more than nine years and eleven months. At the time this sentence was entered, appellant was free on bond, pending appeal to the Arizona Supreme Court, from his conviction and sentence for another crime. The sentence on the grand theft charge directed that the "* * * sentence to commence at the expiration of sentence of this Court in Case Nos. State vs. Freddie Lee Owen and Ruben Cruz Federico, A–12967–68 of this Court." Appellant contends that this wording does not permit a determination of the time of beginning nor ending of the sentence since the rape charge upon which it hinges was and still is on appeal. It is further argued that it is "impossible" to base the time of beginning of a sentence upon the time another sentence ends, which sentence may be vacated or altered but in any case has not yet begun, so that the time of its completion, if any, is unknown. Defendant is also on bond in the grand theft case before us.

**582**

■ There is little dispute that "a sentence must be certain, definite and consistent in all its terms, and not ambiguous, and not be open to any serious misapprehensions by those who must execute it." 70 A.L.R. 1511, 1512 (1931); 24 C.J.S. Criminal Law § 1581 (1961). In addition, as to cumulative sentences, there should be no ambiguity as to what prior sentence the consecutive sentence is intended to follow, and where such ambiguity exists so as to confuse the reviewing court, it has been generally held that the subsequent sentence shall run concurrently with any prior sentence which the defendant was serving at the time the subsequent sentence was passed. 57 A.L.R.2d 1410 (1958). In Ex parte Hamilton, 163 Tex.Cr.R. 283, 290 S.W.2d 673 (1956), the Texas court stated that several requirements were recommended to cumulate effectively a subsequent sentence. These are the inclusion in the subsequent sentence of (1) the case number of the prior conviction, (2) the correct name of the court in which the prior conviction was had, (3) the date of the prior conviction, and (4) the term of years assessed in the prior case.

■ In the interest of accuracy, trial courts should provide a full description of the prior proceedings so as to identify fully the prior convictions and sentence upon which the subsequent cumulative sentence is based. A sentence is a final judgment and it should be sufficient on its face to effect its purpose without resort to evidence in aid thereof, and should further convey to the authorities clear and unequivocal orders of the trial court so that they may know definitely how long to detain the convict. Ex parte Johnson, 218 S.W.2d 200 (Tex.Cr.App.1949).

It was the obvious intent of the lower court to require the serving of the grand theft sentence consecutive to and not concurrent with the prior sentence on the rape conviction. That this is proper cannot be disputed. Rule 339, Arizona Rules of Criminal Procedure, 17 A.R.S., provides in part:

"* * * Sentences of imprisonment for offenses not charged in the same indictment or information shall be served consecutively unless the court expressly directs that they or some of them be served concurrently."[1]

In Atkinson v. People, 118 Col. 41, 192 P.2d 416 (1948), the defendant was sentenced to a term of imprisonment in the penitentiary of four to ten years "to run consecutively with the sentence imposed by the court in case No. 35571." The defendant appealed on grounds that the sentence was against public policy, that it imposed a maximum penalty of twenty-four years for simple robbery contrary to statute, that it was a sentence to commence at an indeterminate time, and that it was a sentence to commence in futuro. The Supreme Court of Colorado affirmed the sentence stating:

"A contrary conclusion would simply put a premium on crime because, * * * the difficulty of adequately punishing repeated felonies would be so great as to be practically unsurmountable. Hence a culprit who had committed an offense might devote his life to the perpetration of others, safe in the assurance of absolute immunity beyond a single sentence."

In Hogan v. Hill, 12 F.Supp. 873 (M.D. Pa.1935), Hogan petitioned for a writ of habeas corpus stating that he had served his sentence. The facts, which are similar to those before this Court, indicate that Hogan had been convicted of smuggling, was sentenced to prison, and released on bail pending appeal. While on bond, he was arrested on a charge of conspiracy, convicted, and sentenced to imprisonment by an-

---

1. Also see 57 A.L.R.2d 1410 (1958), and cases reviewed therein where it is stated at page 1412:
"Most authorities sustain the power of a court to make the sentence imposed by it cumulative to that of a sentence imposed by another court."

At page 1413, the annotation further states:
"All that is required is that the intent of the judge that the sentences are to be served consecutively shall be made to appear without resort to evidence aliunde." (Citing case.)

other Federal District Court. In pronouncing sentence on the conspiracy conviction, the court stated "the sentence herein imposed against said defendant shall be in addition to and independent of any other sentence or sentences heretofore imposed against said defendant by any other Court." The Federal District Court of Pennsylvania, in denying the writ of habeas corpus, stated at 12 F.Supp. page 874:

"In accordance with the usual tenderness of the criminal law toward defendants, when two or more sentences are imposed against the same person to imprisonment in the same institution, or the same type of institution, the presumption is that they are to be served concurrently rather than consecutively, unless the contrary clearly appears. Any reasonable doubt or ambiguity on that point is resolved in favor of the defendant. On the other hand, a judgment must be reasonably construed in accordance with the intent of the trial court, if the language discloses such intent clearly and without doubt or obscurity." (Affirmed, 78 F.2d 1017 (3d Cir. 1935).)

The language used by the court in imposing the subsequent sentence in Hogan v. Hill, supra, was considerably more ambiguous than that with which this Court is faced. The cumulative effect of the subsequent sentence was affirmed, however, the court stating that the language used in imposing the subsequent sentence clearly evidenced an awareness that the defendant had been convicted and was on bail in another jurisdiction and that the lower court intended that the subsequent sentence be served "in addition to" the prior sentence.

 In the instant case, the language used in imposing the sentence for grand theft on this appellant manifests the clear intent of the trial court to cumulate the sentence. The language also contains sufficient identification of the prior sentence to escape condemnation for ambiguity. In view of the foregoing, we hold that the sentence imposed by the trial court on appel-

lant's plea of guilty to grand theft was sufficiently certain on its face to manifest the clear intention of the court that this sentence was to be cumulative to that of the appellant's prior conviction and constitutes a valid sentence. We feel constrained to discuss the commencement of this appellant's sentence under the grand theft charge.

Rule 338, Arizona Rules of Criminal Procedure, 17 A.R.S., provides that when a sentence of imprisonment is imposed "it shall state the date at which the imprisonment is to begin." The commencement of sentence has been construed to be the "date from the actual delivery of the defendant to the warden of the Arizona State Prison." Chee v. State, 65 Ariz. 147, 150, 176 P.2d 366, 368 (1947). In addition, A.R.S. § 13–1652 provides:

"The term of imprisonment fixed by the sentence commences to run only upon actual delivery of defendant at the place of imprisonment, or from the time fixed by the court as the time when the term of imprisonment begins. If thereafter, during such term, the defendant by legal means is temporarily released from the imprisonment and subsequently returned thereto, the time during which he was at large shall not be computed as part of the term."

 In the case before this Court, the defendant had been released on bond pending appeal from a prior conviction and while on bond was convicted and sentenced for a subsequent offense which is now before us on appeal and under which the defendant has also been admitted to bond. It is our conclusion that the interest of society, as well as that of the convict himself, recommends the conclusion that the trial court, in a situation such as that presented herein, order the immediate incarceration of the defendant upon imposition of the subsequent sentence without awaiting determination of the appeal on the prior sentence. This procedure permits the release of the defendant on bond pending an appeal of the subsequent conviction in accordance with Rules 354–356, Arizona Rules

of Criminal Procedure, 17 A.R.S., as was done in this case. Several possibilities present themselves in such event and none of these, in our opinion, are so uncertain as to make this sentence defective.

▮ (1) If this decision affirming the second conviction and sentence is rendered prior to a determination of the appeal on the first conviction and sentence, the defendant will be committed to the Arizona State Prison and service of the second sentence would commence. Two possibilities then present themselves depending upon the outcome of the appeal on the prior conviction:

(A) If the prior conviction is affirmed, the defendant's service of sentence under prior conviction would commence upon receipt of notification by the Warden of the Arizona State Prison of this judgment. At such time as the sentence for the prior conviction is completely served, the defendant would again commence serving the sentence imposed in this action, with credit being allowed for the time previously served thereon.

(B) If the prior conviction and sentence is invalidated, service of time under the second sentence will have already commenced and such sentence will then be automatically modified by operation of law to delete that portion concerning the futurity of the commencement of the sentence.[2]

(2) If this decision should be rendered after the decision on the first appeal, we see no problem:

(A) If the prior conviction is affirmed, the defendant would be incarcerated and begin service of time under the first sentence and upon completion thereof would commence serving the sentence herein imposed.

(B) If the prior conviction is invalidated, the subject sentence would be modified by operation of law to delete the futurity of the commencement of the sentence.[3]

▮ There can be little doubt that this procedure results in some degree of uncertainty during the pendency of appeals, but the uncertainty arises necessarily and unavoidably because of the exercise by the defendant of his rights of appeal. We do not believe that such uncertainty as does exist by reason of the defendant voluntarily taking an appeal should frustrate the public purpose being served by the imposition of cumulative sentences. The problems entailed in such proceedings are largely those of keeping accurate records but the public policy, as evidenced by the adoption of Rule 339, Arizona Rules of Criminal Procedure, 17 A.R.S., and A.R.S. §§ 13–1649, 13–1650, regarding increased punishment for subsequent convictions, remains paramount. That such degree of uncertainty is not unique is very apparent when we consider statutes pertaining to additional credit on time served for good behavior which may be revoked retrospectively under certain circumstances. A.R.S. §§ 31–251, 31–252. In addition, A.R.S. § 13–1652, states that if "the defendant by legal means is temporarily released from the imprisonment and subsequently returned thereto, the time during which he was at large shall not be computed as part of the term," thus demonstrating that the interruption of the service of a sentence, as may be required here, is not unique.

▮ Appellant further contends that the sentence imposed for grand theft, i. e., a term of imprisonment for not less than nine years nor more than nine years and eleven months, is unduly long and therefore

2. In discussing the possible effects of the revocation of a prior sentence on the imposition of a subsequent sentence intended to run consecutively to the prior sentence, it is stated in 68 A.L.R.2d 712, 714 (1959):

"One possible effect—automatic invalidation of the later sentence—may be ruled out immediately: it is well

settled that the invalidity of the earlier of consecutive sentences does not ipso facto render the subsequent sentence void for ambiguity or uncertainty as to the time of its beginning."

3. See footnote 2, supra, regarding the Annotation in 68 A.L.R.2d 712 (1959).

constitutes cruel and unusual punishment. A.R.S. § 13–671, subsec. A, provides:

"Grand theft is a felony punishable by imprisonment in the state prison for not less than one nor more than ten years."

That the imposition of a sentence which is within the statutory limit does not constitute cruel and unusual punishment if the statute prescribing the punishment for such offense is constitutional is beyond dispute. State v. Cuzick, 97 Ariz. 130, 397 P.2d 629 (1964); State v. Monks, 96 Ariz. 354, 395 P.2d 711 (1964); State v. Vineyard, 96 Ariz. 76, 392 P.2d 30 (1964); Eyman v. McPherson, 1 Ariz.App. 578, 405 P.2d 830 (1965); State v. Adams, 1 Ariz.App. 354, 403 P.2d 7 (1965); State v. Louden, 1 Ariz.App. 123, 400 P.2d 131 (1965). The cases supporting this doctrine are legion and no purpose would be served in citing additional cases. Accordingly, we find no abuse of discretion in the sentence imposed.

Judgment affirmed.

HATHAWAY and MOLLOY, JJ., concur.