412 P.2d 294

**STATE of Arizona, Appellee,**

v.

**Kenneth Ray MARTIN and Ralph Edward Martin, Appellants.**

**No. 2 CA–CR 18.**

Court of Appeals of Arizona.

March 15, 1966.

Rehearing Denied March 30, 1966.

Review Denied April 19, 1966.

Darrell F. Smith, Atty. Gen., E. D. Mc-Bryde, Pinal County Atty., Lloyd D. Brumage, Chief Deputy County Atty., Pinal County, Florence, for appellee.

M. B. Moseley, Phoenix, for appellants.

KRUCKER, Chief Judge.

Counsel on appeal, who did not represent these defendants during their trial, has moved for rehearing based largely upon alleged inconsistencies between our opinion in this matter and subsequent opinion in the case of State v. Owen, 2 Ariz.App. 580, 410 P.2d 698 (February 9, 1966). This motion only affects the defendant Ralph Edward Martin, since our prior decision dismissed Count I as to this defendant only, and affirmed the other four Counts. Since Ralph Martin had been sentenced to five to seven years on Count I, two to three years on Count II, said sentences to run consecutively, and two to three years on Counts III, IV and V to run concurrently with the sentence on Count II, the case was remanded for the resentencing of Ralph Martin.

Counsel urges that State v. Owen, supra, conflicts with our judgment to remand the Martin case for resentencing. In the Owen case, the defendant was charged and convicted of grand theft. At the time of this conviction the defendant was free on bond pending appeal to the Arizona Supreme Court from conviction for another crime. The sentence imposed on the grand theft conviction directed that service thereof was to "commence at the expiration of sentence of this Court in Case Nos. State vs. Freddie Lee Owen and Ruben Cruz Federico, A–12967–68 of this Court." We sustained the sentence on the grand theft conviction finding that it was sufficiently definite and certain to escape condemnation for ambiguity and clearly manifested the intention of the trial court to cumulate the sentences. In view of the circumstances of that case, we felt constrained to discuss the commencement of the defendant's sentences depending upon the outcome of the appeal to the Arizona Supreme Court from his first conviction. We concluded that invalidation of the first sentence would not render the subsequent sentence void for ambiguity for the later sentence would then be automatically modified by operation of law to delete that portion concerning the futurity of the commencement of the sentence.

It is urged that this proposition is controlling in our review of the Martin case. We cannot agree. The Owen case dealt with the commencement of service of two sentences resulting from two separate cases where the first sentence and conviction had been appealed, and the case is not in point. In the Martin case, we are dealing with one information containing five Counts, one trial and one appeal therefrom. In the Owen case, we were confronted with an information charging grand theft and conviction thereon. His sentence on the grand theft conviction directed that service thereof would commence upon completion of service of sentence in the prior conviction

being appealed. Thus, two separate crimes had been committed at separate times, two separate informations had been filed, two separate actions were tried, there were two separate convictions and the imposition of sentence on the grand theft conviction was cumulative to that of the prior sentence. The issue in Owens was the validity of the subsequent sentence and our concern encompassed the commencement of service of the sentences. Thus, no actual similarity between these two cases exists.

■■■ It must further be noted that Rule 339, Arizona Rules of Criminal Procedure, 17 A.R.S., notes the distinction between this case and that of State v. Owen, supra. Rule 339 provides:

"When the defendant has been convicted of two or more offenses *charged in the same indictment or information,* the terms of imprisonment shall be served *concurrently* unless the court expressly directs that they or some of them be served consecutively. Sentences of imprisonment for offenses *not charged in the same indictment or information* shall be served *consecutively* unless the court expressly directs that they or some of them be served concurrently." (Emphasis supplied.)

Within statutory limits, the penalty upon conviction of a crime is within the discretion of the trial court and such discretion will not be modified unless it clearly appears that the sentence imposed is excessive or otherwise constitutes an abuse of discretion. State v. King, 96 Ariz. 45, 391 P.2d 598 (1964); State v. Caldera, 94 Ariz. 324, 385 P.2d 207 (1963); State v. Buckmaster, 94 Ariz. 314, 383 P.2d 869 (1963); State v. Maberry, 93 Ariz. 306, 380 P.2d 604 (1963); State v. Quintana, 92 Ariz. 308, 376 P.2d 773 (1962). In State v. Caldera, supra, our Supreme Court quoted with approval the language of State v. Maberry, supra, at 93 Ariz. 309, 380 P.2d 606, as follows:

"Because a defendant appears in person before the trial judge, the trial judge is, in most instances, better able than we to evaluate him and to determine what is necessary to rehabilitate him to constructive activity."

In accordance with this language and the mandates of A.R.S. § 13–1716, which provides that "The supreme court may * * * make any order which is consistent with the justice and the rights of the state and the defendant," we are of the considered opinion that in this case the trial judge is the best person to impose sentence.

Our prior opinion in this case held that the defendant Ralph Edward Martin was erroneously convicted in Count I, and such Count was dismissed. In State v. Mills, 96 Ariz. 377, 396 P.2d 5 (1964), the defendants were convicted on two Counts of receiving money by false pretenses. Consecutive sentences were imposed and on appeal our Supreme Court held that the acts constituting this crime were one transaction rather than separate acts or transactions and, therefore, the convictions and sentences imposed on the two Counts could not be sustained. The Court affirmed in part, reversed in part and remanded the case for resentencing stating at 96 Ariz. 383, 396 P.2d 9:

"Since the trial court imposed sentences on each count, consecutively, it is necessary that the case be remanded for resentencing on the one count only. Had the sentences been concurrent we could have followed the procedure of setting aside the lesser sentence only." (Citing case.)

Since service of sentence under Count II was to be consecutive to service of sentence under Count I, which Count was dismissed, the case was remanded as to Ralph Edward Martin for resentencing. That judgment is affirmed and the motion for rehearing is denied.

HATHAWAY and MOLLOY, JJ., concurring.