418 P.2d 385

The STATE of Arizona, Appellee,
v.
Samuel Frank HORTON, Appellant.

No. 1622.

Supreme Court of Arizona,
In Banc.

Sept. 28, 1966.

Darrell F. Smith, Atty. Gen., William J. Schafer, III, Pima County Atty., Norman E. Green, former Pima County Atty., Carl Waag, Deputy County Atty., for appellee.

Samuel Frank Horton, in pro. per.

STRUCKMEYER, Chief Justice.

This appeal is from a judgment of the Superior Court of Pima County, based upon a jury's verdict finding appellant guilty of the crime of robbery, and the sentence thereon to a term of twenty to thirty-five years in the state penitentiary.

Only one question was initially raised; namely, whether it was error for the trial court to consider the appellant's juvenile record before imposing sentence. Since this appeal was filed, we have decided that question adversely to appellant, State v. Fierro, 101 Ariz. 118, 416 P.2d 551 (July 14, 1966), and we can see no reason to deviate from our holding therein.

After the appeal was perfected and the briefs filed, appellant discharged his counsel and was granted leave by this Court to proceed in propria persona. Appellant filed a brief, written in longhand, in which he made two points. First, that evidence obtained against him was the product of an unreasonable search and seizure and should be suppressed. The search complained of occurred in this manner: After the robbery, the victim was shown pictures of various men by the police; he picked out appellant as the assailant. The police then went to the home of the appellant and were admitted into the house. After the officers there arrested him, they searched his bedroom and found a watch, a ring and a butane lighter which were the property of the victim of the robbery. Patently, the search and seizure was an incident of a lawful arrest. It was substantially contemporaneous with his arrest and the bedroom was under his control and within his immediate

**230**

vicinity. See Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856, and Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777.

Second, appellant complains that his sentence was too severe. As to this, the trial court has a wide discretion and we will uphold the sentence if it is within the statutory minimum and maximum unless there is a clear abuse of discretion. State v. Caldera, 94 Ariz. 324, 385 P.2d 207. We note that appellant was convicted of manslaughter while driving an automobile, for which offense he was sentenced to a term of four to five years in the state penitentiary, being released less than sixty days prior to the offense on which he is presently charged.

We further note the statements of the trial judge at the time of sentence:

"* * * It appears to me that society has given you a far greater break than you have undertaken to give society. Your record of somewhere in excess of twenty bookings on offenses, most of which are prison—call for prison terms certainly indicates to me that you have an utter disregard for society * * *. Only through the grace of God, this man that you struck in the head with a rock did not die. Your offenses started out hitting a man in the head with a rock or someone in the head with a rock. You wind up the same way. In between, you have a record that no one has a right to compile. * * * I see nothing in your record, nothing in your background, that entitles you to one iota of consideration at this time. * * *"

We cannot say that, on such a record, the court below abused its discretion.

Judgment affirmed.

BERNSTEIN, V. C. J., and UDALL, LOCKWOOD, and McFARLAND, JJ., concur.