CLARENCE DRUMMOND *v.* THE STATE.*

(*Knoxville.*  September Term, 1929.)

Opinion filed December 9, 1929.

---

*On power of court to impose cumulative sentences, see annotation in 7 L. R. A. (N. S.), 125; 5 A. L. R., 380; 53 A. L. R., 625; 8 R. C. L., 240.

E. N. ROGERS, J. R. NICHOLS and FRED C. HOUK, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This appeal is from a conviction for transporting. But one question was reserved by the limited bill of exceptions, which recites that it is agreed between counsel for the State and the defendant "that the only question involved in this case, and the only question to be pressed and presented upon the appeal thereof, is the right of the State of Tennessee to try the defendant upon this charge when he was in the custody of the United States of America, serving a sentence from the United States District Court of the Eastern District of Tennessee, and without any proper process or authority having been made to permit the State of Tennessee to acquire custody and jurisdiction of the defendant."

It appears that the defendant, at the time of this trial and conviction in the Criminal Court of Knox County for transporting, was a Federal prisoner, technically in the custody of the United States of America (although actually present in the trial court), serving a sentence

from the United States District Court, and that no order had been made by that Court permitting the State of Tennessee to acquire custody and jurisdiction of the defendant and place him on trial in this case.

Upon the call of the case the objection outlined above was duly made by counsel for the defendant, but it being stated in open court by the District Attorney-General for the State that the United States Attorney, or one of his assistants, or both, knew that the State intended to prosecute this case and that no objection would be made by the United States Government or its attorneys, the motion to continue the hearing of the case until after the defendant should have served his sentence of two years in the Federal prison and been released was overruled.

Following the conviction of the defendant and the overruling of his motion for a new trial, application was made by the State to permit the filing in the case of a brief *amicus curiæ* by the United States Attorney, Hon. EVERETT GREER. This brief recites, after setting out the facts and reviewing the authorities, that, "there is no objection made to the carrying out of the procedure of the State Court in this case, and this memorandum is filed as *amicus curiæ* by the United States Attorney with the assurance that no objection is to be made, since the State Court is within its rights in exercising its jurisdiction over the defendant. Respectfully submitted, EVERETT GREER, United States Attorney." Upon the coming in of this brief the trial judge vacated his order overruling the motion for a new trial, and having considered the brief, again overruled the motion and sentenced the defendant.

■ The record thus discloses not only that no objection was interposed by the Federal Government, but that the proper official representative of the Government was consenting and actively co-operating in the prosecution. Certainly, under such conditions, this objection urged by counsel for plaintiff in error is without force.

Reliance is had by counsel on *Raine v. State,* 143 Tenn., 168, and *Ponzi v. Fessenden,* 258 U. S., 255 (66 Law Ed., 207). The Raine case merely affirms the right of the State Court to continue a case until the expiration of a Federal sentence against the defendant without forfeiture of its right to then proceed on the ground of undue delay in the trial. Certainly there is nothing therein suggesting that the State may not proceed when the Federal Government is making no objection, and on the record to this effect.

■ The holding in the Ponzi case, with its reasoning, tends to sustain the State herein. It is true that in that case the assent was by the Attorney-General of the United States in person, while here we have the District Attorney of the United States only, but the difference is not in principle. The District Attorney is an arm and exponent of the Federal Government, and until his authority is challenged by a superior, his representation of the Government will be recognized in matters of this kind, particularly in the territorial jurisdiction in which he has been appointed to act.

■ Moreover, as suggested on the brief for the State, the right to make this objection is one belonging peculiarly to the Government, rather than to the defendant. No rights of his, constitutional or otherwise, are violated. In support of this proposition the District Attorney

cites in his brief, *Chapman* v. *Scott,* 10 Fed. (2d). 691, 236 Fed., 300, and 227 Fed., 314.

Although expressly limited on this appeal by the agreement above quoted, counsel make the further point that the trial Court was without jurisdiction to adjudge . the sentence to begin upon the expiration of the term of the sentence of the defendant to the Federal prison. Conceding, but not deciding, that this further question may now be made, the great weight of authority sustains the power derived from the common law to impose cumulative sentences, one to commence at the expiration of another, even when the sentences are by different courts. See 8 Ruling Case Law, 240, and annotations to 7 L. R. A. (U. S.), 125; 5 A. L. R. 380, and 53 A. L. R., 625.

The judgment is affirmed.