464 P.2d 964

STATE of Arizona, ex rel., Frank A. EYMAN, Warden, Arizona State Prison, et al., Petitioner,

v.

SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF PINAL, and T. J. Mahoney, a Judge thereof, Respondents,

James BURCHETT, Real Party in Interest.

No. 9823.

Supreme Court of Arizona, In Banc.

Feb. 13, 1970.

Gary K. Nelson, Atty. Gen., by Thomas M. Tuggle, Asst. Atty. Gen., Phoenix, for petitioner.

Lewis, Roca, Beauchamp & Linton, by Levi J. Smith, Phoenix, for real party in interest.

HAYS, Justice.

James Burchett, real party in interest and defendant below, was convicted of assault with intent to commit rape, rape, and kidnapping. For those crimes he received consecutive prison sentences of 10 to 14 years on the assault charge, 20 years to life for the rape offense, and life imprisonment without possibility of parole for kidnapping. Defendant failed to take a direct appeal from these convictions and sentences.

On June 4, 1963, approximately nineteen months after his convictions, defendant Burchett filed, in propria persona, a "Petition for Judicial Writ of Nunc Pro Tunc (Review)," which the Maricopa County Superior Court treated as an untimely appeal and dismissed without a hearing on August 23, 1963.

Some six years later, in August of 1969, defendant filed a petition for writ of habeas corpus with the Pinal County Superior Court, contending among other things that his confinement at the state prison was illegal because (a) the penalty provisions of the state kidnapping statute are unconstitutional, (b) his pleas of guilty to kidnapping and rape were not voluntary but were coerced by threats, promises, and fear of the death sentence, and (c) his sentences purported to be consecutive even though no starting date was enumerated for any one of them. Judge Mahoney of the Pinal County Superior Court issued an order for a writ of habeas corpus to the warden of the Arizona State Prison, and directed that an evidentiary hearing be held in order to look into the factual allegations of defendant Burchett's petition. Prior to the time that such a hearing could be held, the State of Arizona sought a writ of prohibition from this Court in order to prohibit the Pinal County Superior Court from proceeding with the matter below. We issued an alternative writ of prohibition on November 18, 1969, directing Judge Mahoney to refrain from any further proceedings concerning the case.

We hold that defendant's petition for writ of habeas corpus directed to the Superior Court was premature, for the reason that defendant had not exhausted his appellate remedies in the courts of this state. On April 29, 1964, after petitioner had filed his above described nunc pro tunc petition, Rule 16 of the Rules of the Supreme Court was amended to permit delayed appeals to the Supreme Court. The amended rule reads as follows:

> *"Motion to Take Delayed Appeal.* A defendant who has, without fault on his part, failed to take an appeal within the sixty days prescribed by Rule 348 of the Rules of Criminal Procedure may, by written motion supported by affidavit, apply to this court for an order permitting him to take a delayed appeal. The clerk shall forthwith notify the attorney general who shall respond to such motion within five days." 17 A.R.S. Rules Sup.Ct., Rule 16(a).

This amendment was added prior to defendant's filing of his petition for writ of habeas corpus, which asserts: "Petitioner (defendant) did not appeal from the convictions and sentences here in question. * * * The possibility of available relief was never made known to him." If defendant was unaware, as his petition for writ of habeas corpus indicates, of his

right to appeal, he may now be entitled to an appeal pursuant to Rule 16(a), whereas he was not entitled to such relief prior to the amendment of the rule.

 We hold that where, as here, a petition for writ of habeas corpus does not show on its face that all direct appeal remedies have been exhausted, a collateral attack cannot be made on the judgment of conviction or sentence. The Pinal County Superior Court is presently without jurisdiction to entertain defendant's habeas corpus petition.

Writ of Prohibition made permanent.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.