484 P.2d 181

**The STATE of Arizona, Appellee,
v.
James BURCHETT, Appellant.
No. 2124.**

Supreme Court of Arizona,
In Banc.

April 27, 1971.

Rehearing Denied May 25, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, former Asst. Atty. Gen., and Jack McCormick, Asst. Atty. Gen., Phoenix, for appellee.

Lewis & Roca, by John P. Frank, Paul G. Ulrich and Levi J. Smith, Phoenix, for appellant.

CAMERON, Justice.

This is a delayed appeal from two cases wherein the defendant pleaded guilty, was adjudged guilty and sentenced thereon.

We are called upon to determine:

1.  whether the court committed error in ordering the sentences to run consecutively instead of concurrently,

2.  whether the defendant knowingly, intelligently, and voluntarily entered his plea of guilty as to the offenses and particularly as to the crime of kidnapping, and

3.  whether there is factual support for the kidnapping conviction.

The facts necessary for a determination of this matter on appeal are substantially as follows. On 7 March 1961 (in the first case), the defendant entered his plea of guilty to assault with intent to commit rape. § 13–252 A.R.S. On 17 March 1961, the trial judge ordered that the imposition of sentence be suspended for five years on condition that defendant conduct himself as a law-abiding citizen in all respects and that the defendant voluntarily report to a sanitarium in California. He was admitted to the sanitarium and released five months later, with the explanation, according to defendant's mother, that the facilities were no longer of benefit to him and that he should not be there confined against his will.

On 30 September 1961 (in the second case), defendant was arrested and charged with kidnapping, in violation of § 13–492 A.R.S., and rape (statutory) in violation of § 13–611, subsec. 1 A.R.S. A preliminary

hearing was waived, an information was filed in the Maricopa County Superior Court on 11 October 1961, and on 15 November 1961, the time set for trial, defendant withdrew his not guilty plea and plead guilty to both counts as charged. On 29 November 1961, defendant was sentenced in the second case on Count I, kidnapping, to a life sentence without possibility of parole and on Count II, rape, to twenty years to life. The sentences were designated by the trial court to run consecutively.

Also on 29 November 1961, but in the first case, an order was entered revoking defendant's probation and imposing a sentence of ten to fourteen years to run consecutive to the sentences imposed in the second case. Thus, defendant was to serve three consecutive sentences:

1. a natural life sentence without possibility of parole,

2. twenty years to life, and

3. ten to fourteen years.

After other proceedings (see State ex rel. Eyman v. Superior Court, 105 Ariz. 372, 464 P.2d 964 [1970]) not relevant to this opinion, defendant was granted a delayed appeal as to both cases and the three sentences.

## WAS THE DEFENDANT PROPERLY SENTENCED?

■ We must first determine whether the trial court was correct in the manner in which the defendant was sentenced. The sentencing of the defendant in the second case was as follows:

"It is the judgment and order of the court, that the defendant serve a sentence as to Count I kidnapping, for the term of your natural life, life imprisonment without the possibility of parole. With respect to Count II—rape, statutory, It is the Judgment and Order of the Court that the Defendant serve not less than Twenty (20) years to life, said sentence to run consecutively with the sentence in the Count I."

The sentencing of the defendant in the first case was as follows:

"It is the Judgment and sentence of the Court that the defendant is sentenced to serve a term of not less than Ten (10) years, nor more than Fourteen (14) years in the Arizona State Penitentiary at Florence, Arizona, said sentence is to run consecutively with the sentences imposed this date in case No. 39003, defendant is committed to custody of the sheriff for transportation to Florence, Arizona."

The sentences were all within the statutory limits, therefore not an abuse of the trial court's discretion. State v. Moody, 67 Ariz. 74, 190 P.2d 920 (1948); State v. Davis, 105 Ariz. 498, 467 P.2d 743 (1970).

■ Defendant next contends, however, that the court should not have sentenced the defendant to serve consecutive terms. The applicable statutes are:

"Rule 338. Beginning date required in sentence imposing imprisonment

"When the sentence imposes imprisonment, it shall state the date at which the imprisonment is to begin."

"Rule 339. Sentence; when concurrent and when consecutive

"When the defendant has been convicted of two or more offenses charged in the same indictment or information, the terms of imprisonment shall be served concurrently unless the court expressly directs that they or some of them be served consecutively. Sentences of imprisonment for offenses not charged in the same indictment or information shall be served consecutively unless the court expressly directs that they or some of them be served concurrently."

§ 13–1652 A.R.S. provides the term of imprisonment starts to run "only upon actual delivery" to the prison.

It is clear that the trial judge intended the three sentences to run consecutively as permitted by Rule 339. State ex rel. Jones v. Superior Court In and For The County of Pinal, 78 Ariz. 367, 280 P.2d 691 (1955).

" * * * A judgment must be reasonably construed in accordance with the intent of the trial court, if the language discloses such intent clearly and without doubt or obscurity. * * * " Hogan v. Hill, 12 F.Supp. 873, 874 (1935).

When consecutive sentences are imposed, as the Criminal Rule 339 allows, it is not possible to have a more specific starting date for subsequent sentences other than that they will commence at the expiration of prior sentences. State v. Owen, 2 Ariz.App. 580, 410 P.2d 698 (1966).

The defendant contends, however, that prior cases of this court holding that it is error to sentence to life imprisonment to be followed by another consecutive sentence applies in this case. State v. Howland, 103 Ariz. 250, 439 P.2d 821 (1968); State v. Crow, 104 Ariz. 579, 457 P.2d 256 (1969).

A careful consideration of the rationale in these cases leads us to believe that we were in error in holding that a life sentence cannot precede a sentence for a term. Under the present approach to penology with "good" time and "straight" time (§§ 31-251, 31-252 A.R.S.) and other inducements for the rehabilitation of the prisoner as well as for maintaining discipline of the prisoner while confined, the length of any sentence cannot be said to be capable of precise determination on the day sentence is imposed. This is true whether the term is for a definite period of years or whether it is for life imprisonment. A life sentence is seldom a sentence for the life of the defendant, and a sentence for a period of time is seldom for the time indicated at sentencing. We do not believe it does violence to Rule 338 of the Rules of Criminal Procedure, 17 A.R.S., which requires that the date at which the initial imprisonment is to begin to hold that later consecutive sentences do not begin until after the prisoner has served the prior sentences. All this rule requires is that the judge when sentencing either concurrently or consecutively, must indicate to the authorities when the time for imprisonment is to begin. Once imprisonment starts, it may run on sentences that are consecutive or concurrent and if consecutive, successive sentences will then be determined by the expiration of the preceding sentences. So much of State v. Howland and State v. Crow, supra, which hold that the court may not impose a life sentence to be followed by another consecutive sentence is overruled by this opinion.

## WERE THE PLEAS VOLUNTARILY ENTERED?

We have reviewed the record and we find that the pleas both as to the first offense and as to the two counts of the second offense were voluntarily, intelligently, and knowingly made. It should be noted that Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) is not retroactive and would not apply to this case. State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969). Appellant contends, however, that his plea of guilty to the kidnapping charge was coerced because the statute itself is coercive. The defendant cites the United States Supreme Court case of United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968) which held unconstitutional a portion of the Federal Kidnapping Statute as being violative of the Fifth Amendment right to plead guilty and exercise of the Sixth Amendment right to a jury trial wherein the statute provides that only the jury can provide the death penalty.

We must first determine whether our statute on kidnapping allows the judge on a guilty plea to sentence the defendant to death or life imprisonment where the victim has been harmed as in this case. Our statute reads:

"§ 13-492. Kidnaping for extortion, robbery, ransom, rape, sodomy, lewd or lascivious acts; punishment

\* \* \* \* \* \*

"C. A person convicted under subsections A or B of this section shall be punished as follows:

"1. If the person subjected to the acts mentioned in subsections A or B suffers

serious bodily harm inflicted by the person found guilty, the person found guilty shall be punished by death or by life imprisonment without possibility of parole, whichever the jury recommends.

"2. If the person subjected to any acts mentioned in subsection A or B does not suffer serious bodily harm the person found guilty shall be punished by imprisonment in the state prison from twenty to fifty years without possibility of parole until the minimum sentence has been served. As amended Laws 1956, Ch. 92, § 1."

The defendant in the instant case was sentenced to life imprisonment without possibility of parole. We believe, however, that the judge upon a guilty plea may sentence to either death or life imprisonment. This is the only punishment indicated for kidnapping where the victim has been harmed and to give a contrary construction would mean that the court could never accept a plea of guilty and pronounce sentence where there has been bodily harm done to the kidnapping victim. This would place an absurd construction upon the statute and deny to the defendant the right to plead guilty when charged under Paragraph 1 and require him to be tried to the jury. We therefore hold that the trial court may, in place of the jury, sentence to death or life imprisonment without possibility of parole.

The Federal Kidnapping Statute involved in this case reads as follows:

"Whoever knowingly transports in interstate * * * commerce, any person who has been unlawfully * * * kidnapped * * * and held for ransom * * * or otherwise * * * shall be punished (1) by death if the kidnapped person has not been liberated unharmed, and if the verdict of the jury shall so recommend, or (2) by imprisonment for any term of years or for life, if the death penalty is not imposed."

18 U.S.C.A. § 1201.

The United States Supreme Court noted that this statute "shifted from a single judge to a jury of 12 the onus of inflicting the penalty of death." United States v. Jackson, supra, 390 U.S. at 576, 88 S.Ct. at 1213. The United States Supreme Court went on to state:

"Under the Federal Kidnapping Act, therefore, the defendant who abandons the right to contest his guilt before a jury is assured that he cannot be executed; the defendant ingenuous enough to seek a jury acquittal stands forewarned that, if the jury finds him guilty and does not wish to spare his life, he will die. Our problem is to decide whether the Constitution permits the establishment of such a death penalty, applicable only to those defendants who assert the right to contest their guilt before a jury. The inevitable effect of any such provision, is of course, to discourage assertion of the Fifth Amendment right not to plead guilty and to deter exercise of the Sixth Amendment right to demand a jury trial. * * *" United States v. Jackson, supra, 390 U.S. at 581, 88 S.Ct. at 1216.

■ Unlike our statute the punishment portion is in the disjunctive, providing for death if the "jury shall so recommend" *or* by life imprisonment. We hold that under the Arizona statute the judge may impose the death penalty upon a plea of guilty despite the provision referring to the jury. Our statute does not provide, as does the federal statute, that the defendant shall receive death if the jury recommends or otherwise by life imprisonment, but it states death or life imprisonment without possibility of parole whichever of the two punishments the jury recommends. As we have stated, to hold that upon a plea of guilty the judge could not so sentence to death or life imprisonment would mean that a defendant could never plead guilty to kidnapping where the victim has been harmed, clearly not the intent of the legislature nor the clear meaning of the statute.

We therefore hold that Jackson, supra, does not apply and that the statute was not coercive.

## DO THE FACTS SUPPORT A KIDNAPPING CONVICTION?

Finally, the defendant contends that the kidnapping conviction is unsupported by the evidence as shown in the Statement of Facts On Conviction and should be reversed. The relevant portion of such statement is as follows:

"Statement of Facts On Conviction No. 39003

"The facts and circumstances surrounding the commission of the crime are as follows:

"On September 30, 1961, at approximately 4:45 p. m., the defendant drove into the alley at 6712 North 32nd Drive in Phoenix. There he observed four year old Catherine Irene Bowser playing in her yard. He lured the child from the yard and into his car and then drove to an alley nearby where he sexually assaulted her. He first introduced a finger into her vagina causing bleeding; he then attempted to have sexual intercourse with the child, but was unable to make a complete entrance. The defendant then pulled his trousers and shorts down to his knees and masturbated until he reached a climax.

"Upon completion of this act, the defendant took the girl to her home, where he was met by the girl's father. The defendant told Mr. Bowser, 'Take this little girl, she needs help; she's been hurt; I found her down the street.' Mr. Bowser took the child from the car, handed her to Mrs. Bowser and told the defendant that the police had been called and for him not to leave. As a preventative against escape, Mr. Bowser removed the keys from the defendant's vehicle. Shortly thereafter, the police arrived and took the defendant into custody. Once downtown at police headquarters, the defendant gave a complete statement regarding the crime and admitting his guilt.

"Dr. C. F. Dalton who treated the victim, stated that the entire vaginal valt was torn and split to the rectal opening. He said that normally the victim's vagina may admit one finger but in this torn state the vagina admitted three fingers. He stated that it took between 20 and 25 stitches to close the tears. The doctor also observed a large bruise on the left, outside thigh of the victim just below the buttock, as large as the palm of his hand."

The defendant asserts that the statement of facts indicates that the victim willingly entered his car and was driven some short distance to where the alleged rape occurred. This court has affirmed a kidnapping conviction based on evidence that the defendant inveigled or enticed a six year old child into his automobile for the purpose of committing lewd or lascivious acts upon his person. State v. Wahrlich, 105 Ariz. 102, 459 P.2d 727 (1969). We consider the fact that the defendant, Burchett, lured the victim, a four year old girl, from her yard and into his car, sufficient to bring the act within the purview of the statute.

■ However, the defendant contends that the physical acts relating to the kidnapping and rape are so intertwined that the movement in the automobile of the victim is not sufficient to support an independent conviction for kidnapping. We do not consider the two offenses as being intertwined, but instead the crime of kidnapping preceded and was complete before the rape took place. The component elements of the two crimes are distinct and separate. State v. Hutton, 87 Ariz. 176, 349 P.2d 187 (1960). The practical test to determine if the elements are identical is to eliminate the elements in one charge and determine whether the facts left would support the other charge. State v. Mitchell, 106 Ariz. 492, 478 P.2d 517 (1970). In this case, the facts of the kidnapping could be eliminated and the rape conviction would stand, and the facts of the rape could be eliminated and the kidnapping charge could stand. The present factual situation clearly supports a kidnapping and a rape conviction.

State v. Jacobs, 93 Ariz. 336, 380 P.2d 998 (1963); State v. Padilla, 106 Ariz. 230, 474 P.2d 821 (1970).

Judgments affirmed.

STRUCKMEYER, C. J., HAYS, V. C. J., and UDALL and LOCKWOOD, JJ., concur.