574 P.2d 1316
**STATE of Arizona, Appellee,**
v.
**Reginald SANDERS, Appellant.**
**No. 1 CA–CR 2475.**

Court of Appeals of Arizona,
Division 1,
Department B.

Dec. 6, 1977.

Rehearing Denied Jan. 30, 1978.

Review Denied Feb. 15, 1978.

to the date of the original pleading. Rule 15(c), Rules of Civil Procedure, 16 A.R.S.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel, Criminal Div., R. Wayne Ford, Asst. Attys. Gen., Phoenix, for appellee.

Ronald G. Saltsman, Phoenix, for appellant.

## OPINION

WREN, Presiding Judge.

This appeal presents a challenge to the authority of the superior court to make a county jail sentence for a misdemeanor run consecutively to two concurrent 15 years-to-life sentences previously imposed upon appellant.

The appellant Reginald Sanders was convicted in this case of aggravated battery, a misdemeanor,[1] upon his plea of guilty. The validity of the plea is not in issue. The

---

1. A.R.S. §§ 13–241 and 13–245.

offense was committed while appellant was in jail awaiting sentencing on two felony convictions, for armed robbery and assault with intent to commit murder. After appellant had been sentenced for the felonies, he was sentenced to a county jail term of one year for the aggravated battery, to run consecutively to the two felony sentences.

Appellant's first contention is that there is no authorization, either by statute or court rule, for the imposition of a consecutive jail term for a misdemeanor, and that in the absence of a positive enactment conferring such authority, the sentence in its consecutive aspect is illegal. Appellant appears to acknowledge the legality of consecutive sentences for felonies, but he argues that the term "sentences of imprisonment" in Rule 26.13 of the Rules of Criminal Procedure, 17 A.R.S., refers exclusively to sentences which are to be served in the Arizona State Prison.[2]

To be understood, the contention must be placed in context. No presently existing Arizona statute expressly authorizes consecutive sentences. The procedural directive which is the ancestor of Rule 26.13 was a statute, § 44–2226, Arizona Code Annotated (1939).[3] The statute was transformed into Rule 339 of the 1956 Rules of Criminal Procedure which is the precursor of present Rule 26.13.

By the great weight of authority, however, the power to impose consecutive (or "cumulative") sentences is an inherent power of the courts. *Howard v. United States*, 75 F. 986 (6th Cir. 1896); *State v. Jones*, 250 Or. 59, 440 P.2d 371 (1968); *State v. Maxey*, 42 N.J. 62, 198 A.2d 768 (1964); *Drummond v. State*, 160 Tenn. 97, 21 S.W.2d 1039 (1929); 21 Am.Jr.2d, Criminal Law, § 547 (1965). In the case of *State v. Jones*, the Oregon court considered and rejected a contention that repeal of a statute expressly authorizing consecutive sentences indicated

elimination of the power. This power to make sentences run consecutively has been confirmed many times in Arizona, without explicit discussion of its common law source. *See, e. g., State v. Bennin*, 107 Ariz. 1, 480 P.2d 651 (1971); *Eyman v. McPherson*, 1 Ariz.App. 578, 405 P.2d 830 (1965).

█ It is thus apparent that Rule 26.-13, like its predecessors, is a procedural directive and not in any sense a source of authority. Thus, appellant's first contention is necessarily reduced to an assertion that our Supreme Court, in promulgating present Rule 26.13, has by its use of the term "sentences of imprisonment" intended to exclude county jail terms imposed for misdemeanors. Such a position must be rejected. The word "imprisonment" is used in our general sentencing statutes to refer to incarceration both in prison and in a county jail. *See* A.R.S. §§ 13–1645 and 13–1647. Appellant points to no indicia of different meaning in the present Rules of Criminal Procedure, and we find none. "Imprisonment" and "sentence of imprisonment" have elsewhere been defined to refer to physical incarceration generally. *See* 20 *Words and Phrases* (Perm.Ed.1959); 38A *Words and Phrases* (Perm.Ed.1967). Historically, the common law rule applied to misdemeanors.[4] *Howard v. United States*. We thus conclude that a sentence to the county jail for a misdemeanor is a sentence which may be made to run consecutively to another sentence of imprisonment.

█ Appellant next argues that a sentence to commence only after completion of another sentence for which the maximum term is life is invalid as having no definite starting date. The contention is based upon holdings in *State v. Howland*, 103 Ariz. 250, 439 P.2d 821 (1968), and *State v. Crow*, 104 Ariz. 579, 457 P.2d 256 (1969).

2. Rule 26.13 states:
   "Separate sentences of imprisonment imposed on a defendant for 2 or more offenses, whether they are charged in the same indictment or information, shall run concurrently unless the judge expressly directs otherwise."

3. Quoted in *State ex rel. Jones v. Superior Court*, 78 Ariz. 367, 280 P.2d 691 (1955).

4. In Eighteenth Century England, it applied only to misdemeanors, because felonies were generally punishable by death. *See* discussion in *State v. Maxey*, citing Blackstone.

**100**

These holdings, however, were overruled and a sentence consecutive to a life term sustained in *State v. Burchett*, 107 Ariz. 185, 484 P.2d 181 (1971). Appellant does not suggest that this holding in *Burchett* has in any way been impugned as authority. Appellant's argument for reinstatement of the prior law must be addressed to the Supreme Court. We reject the contention.

■ Appellant next argues that the sentence is invalid because it is contrary to the principles underlying the decision in *State v. Pakula*, 113 Ariz. 122, 547 P.2d 476 (1976). Appellant contends that if he were to be paroled on his felony convictions, he would still have to serve the jail term and thus he would be subjected to conflicting authorities—the Department of Corrections and the County Jail system.

*Pakula* involved a prison sentence on one conviction and purportedly accumulated periods of probation with respect to other convictions. We may dispense with an analysis of its scope because appellant, in the course of his final argument, concedes in accordance with *Mileham v. Arizona Board of Pardons and Paroles*, 110 Ariz. 470, 520 P.2d 840 (1974), that he will not be eligible for parole by virtue of the very sentence here in issue.

Appellant's final argument is that the sentence, by reason of its consecutivity, is excessive. It is here that appellant points out that a consecutively imposed sentence cannot begin until the expiration of the previous sentence and that the existence of a consecutive sentence yet to be served defeats parole eligibility. *Mileham v. Arizona Board of Pardons and Paroles.* Appellant argues that because of its severe consequences, the sentence, concededly within statutory limits and otherwise proper, should be modified so that it is to be served concurrently.

■ The record here discloses a vicious attack upon a fellow inmate, resulting in a serious injury. Under the circumstances, a concurrent sentence would be, practically speaking, no punishment at all. Jail and prison discipline is a serious problem. The rights and safety of all prisoners must be considered. There was a clear basis for making the sentence at issue run consecutively, whatever the consequences to appellant in regard to parole eligibility. *Cf. Chavigny v. State*, 163 So.2d 47 (Fla.App.1964), citing *Capone v. United States*, 51 F.2d 609, 76 A.L.R. 1534 (7th Cir. 1931), cert. denied 284 U.S. 669, 52 S.Ct. 44, 76 L.Ed. 566 (1931).

The judgment and sentence are affirmed.

EUBANK and JACOBSON, JJ., concur.