639 P.2d 340

**The STATE of Arizona, Appellee,**

v.

**Raymond NELSON, aka Nelson Edward Record, Appellant.**

**No. 2 CA–CR 2394–3.**

Court of Appeals of Arizona, Division 2.

Oct. 16, 1981.

Rehearing Denied Nov. 19, 1981.

Review Denied Dec. 15, 1981.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Frederic J. Dardis, Pima County Public Defender by Lawrence H. Fleischman, Asst. Public Defender, Tucson, for appellant.

OPINION

BIRDSALL, Judge.

Appellant was convicted of two counts of kidnapping and 14 counts of sexual assault, all committed on the same occasion over a period of approximately 2½ hours. There were two female victims, accounting in part for the multiple crimes. The convictions were for: Count 1, Kidnapping (Victim 1); Count 2, Kidnapping (Victim 2); Counts 3, 4, 6, 10, 12, 15 and 16, Sexual Assault (Victim 1); Counts 5, 7, 8, 11 and 13, Sexual Assault (Victim 2); and Counts 9 and 14, Sexual Assault (Victims 1 and 2).

The jury also found that all of these crimes were of a dangerous nature (a knife was used in the commission of the offenses) and that appellant had been previously convicted of three non-dangerous felonies.

Appellant was sentenced to the presumptive term of imprisonment for each offense, 15.75 years. However, the court did find aggravating circumstances and ordered that the sentence on Count 2 run consecutively to the sentence on Count 1, with the sentences on Counts 3 to 8, inclusive, each to be served consecutively to the sentence in the preceding numbered count. As to Counts 9 to 16, inclusive, the sentences were to run concurrently with each other. All the sentences were made consecutive with appellant's prior sentence for aggravated assault. The court further ordered that all the sentences commence as of the date of appellant's apprehension, October 8, 1980.

Since this latter order may be confusing and the trial court's intent is clear, we believe we should first modify the sentences as follows:

The sentences on Count 1 and 9 to 16, inclusive, are to commence upon completion of appellant's sentence for aggravated assault in Pima County Superior Court case # CR–01616 pronounced April 13, 1981, with credit for 230 days in custody, said sentences to run concurrently.

The sentence on Count 2 is to commence upon completion of these sentences, with each of the sentences on Counts 3 to 8, inclusive, to then be served consecutively, each to commence upon completion of the sentence for the preceding numbered count.

Thus the appellant's sentences result in imprisonment for a total of 126 years less pre-sentence custody time. This computation is the same as the trial judge's who said after pronouncing the sentences:

"That's 126 years in prison, Mr. Record. I think that will guarantee the public in this community that you will not commit the type of offenses that you committed in the past."

Two errors are urged on appeal. The first has to do with the prosecutor's closing argument and the second, the imposition of consecutive sentences.

In view of the nature of these questions we need not discuss the sordid facts in detail. Briefly, appellant met the two victims at the Elk's Club, accompanied them in their car to a bar and upon leaving that bar drove them to a desert area where some of the crimes occurred. Later he drove to another similar location and committed the remainder of his criminal acts. The criminal conduct was over a 2½ hour period of time. Appellant testified, admitting the sexual acts, but claiming consent by the victims. The jury did not believe this defense. It directly contradicted the victims' testimony that he pulled a knife and thus forced them to submit to his orders. Although some other evidence corroborated the victims' account, the jury still had to decide the credibility of the victims' and appellant's testimony.

### Jury Argument

Appellant asserts certain remarks of the prosecutor in closing argument to the jury were improper appeals to sympathy and passion. We disagree.

The portion of the argument to which this objection is made was:

"Those are emotions that both Pauline and Erma experienced that night. Emotions that you know, from listening to them testify and by some of the things that have happened since this, that have been very difficult for them to overcome.
MR. POLLARD:
I'm going to object at this time.
THE COURT:
Overruled.
MR. COLLINS:
You heard Erma and Pauline tell you about counseling, that they have been undergoing counseling since this has happened. And you saw them on the witness stand as they testified. Maybe you noticed when Erma testified that throughout most of her testimony she was shaking, basically trembling as she testified in this courtroom about those events that night.

Pauline was more of a soft-cry type. It wasn't easy for them. In fact, Pauline told you when she testified that the one thing she was trying very hard to do was to forget about it all. She didn't want to remember. That's how bad that experience was for her.

After he finished with them at the first stop, he drove around and took them to another one. And he had them go through basically the same course of events again. Those same emotions, those same commands, those same feelings they experienced.

And then maybe the most terrifying part of all, he's finished with them, they're in the car, and he's sitting there with a knife and his hand on the steering wheel, and he's wondering, he's thinking about what to do. And they ask him if he's going to let them go: 'Can we go now?'

And he tells them to be quiet, to shut up. And he tells them that 'I can get the same for murder as I can for rape.'

MR. POLLARD:

Again, I'm going to object, and I would like to make a motion outside the presence of the jury.

THE COURT:

The objection is overruled.

MR. COLLINS:

Can you imagine what was going on in their minds?"

■ Although this argument was emotional it was all founded on relevant evidence. We believe the purpose of the argument was to persuade the jurors that the victims—not the appellant—were telling the truth. As we have observed, their credibility was critical.

Our law permits wide latitude in presenting closing argument. *State v. Robison*, 99 Ariz. 241, 408 P.2d 29 (1965). In closing argument emotional language is not only permissible, but is to be expected. *State v. Gonzales*, 105 Ariz. 434, 466 P.2d 388 (1970). The fact that the victims were so disturbed by the experience they had to seek counseling supported their credibility and explained their demeanor as witnesses. Even the hardship of a victim is not improper argument. *State v. Griffin*, 117 Ariz. 54, 570 P.2d 1067 (1977). The trial court correctly overruled appellant's objections.

### Consecutive Sentences

■ Appellant argues that since all of the offenses were committed on the same occasion, he is entitled to concurrent sentences on all the convictions. It is not argued or could it be, that any of the crimes were acts or omissions punishable in different ways by different sections of the code thus requiring that sentences be concurrent. A.R.S. § 13–116. His argument is based entirely on the recent opinion of the Arizona Supreme Court, *State v. Mullaley*, 127 Ariz. 92, 618 P.2d 586 (1980). Appellant insists that the meaning of *Mullaley* is that consecutive sentences cannot be given for separate crimes committed on the same occasion. If that is the holding in *Mullaley*, then we respectfully believe that the decision is wrong. We find no legislative intent in our new Criminal Code to require such a result. This would mean that the criminal who enters the convenience market to commit armed robbery (burglary), shoots two customers (2 assaults), kidnaps the clerk (kidnapping), rapes her (rape), and takes the cash from the register (robbery) can only, in effect, receive one sentence because his sentences must be concurrent. His effective presumptive sentence would be 10½ years, a dangerous, non-repetitive class 2 felony (the armed robbery). In this regard he stands on the same footing as the defendant who commits the armed robbery, without raping, assaulting or kidnapping. Again the effective presumptive sentence for this crime would be the same, 10½ years. It would mean that a person who is committing a crime may just as well commit two or three or four at the same time since no additional penalty attaches. Surely our Supreme Court did not mean this.

The new criminal code in A.R.S. § 13–708 permits consecutive sentences.[1] The only restriction appears in A.R.S. § 13–116. Prior to the adoption of the new code, effective October 1, 1978, consecutive sentences were permissible for separate crimes committed on the same occasion. *State v. Bojorquez*, 111 Ariz. 549, 535 P.2d 6, 78 A.L. R.3d 1135 (1975); Rule 339, Rules of Criminal Procedure (1956); *State v. Burchett*, 107 Ariz. 185, 484 P.2d 181 (1971). Nothing in the new code suggests any intent to change the law in this regard.

In *State v. Sanchez*, 130 Ariz. 295, 635 P.2d 1217 (1981) we considered *State v. Mullaley, supra,* and concluded that the only possible correct interpretation of the opinion would limit it to sentencing following multiple convictions under A.R.S. § 13–1206. Our holding in *Sanchez* is dispositive of this issue in the present case.

Appellant also argues that under *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980) it is unconstitutional to impose a sentence not authorized by the legislature when the legislature has authority to fix sentencing guidelines. Since the legislature has authorized consecutive sentences without restriction, except that found in A.R.S. § 13–116 (double punishment for same act), the law enunciated in *Whalen* is satisfied.

Affirmed as modified.

HATHAWAY, C. J., and HOWARD, J., concur.

---

[1.] "If multiple sentences of imprisonment are imposed on a person at the same time, or when a person who is subject to any undischarged term of imprisonment imposed at a previous time is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run concurrently unless the court expressly directs otherwise, in which case the court shall set forth on the record the reason for its sentence."