NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GUILLERMO PUENTE, *Appellant.*

No. 1 CA-CR 16-0749
FILED 1-25-2018

Appeal from the Superior Court in Maricopa County
No. CR2014-124104-001 DT
The Honorable Justin Beresky, Judge *Pro Tempore*

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Robert A. Walsh
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Patricia A. Orozco[1] joined.

---

**C R U Z**, Judge:

**¶1**        Guillermo Puente challenges his convictions and sentences for molestation of a child, attempt to commit molestation of a child, sexual conduct with a minor, and sexual abuse.  For the foregoing reasons, we affirm Puente's convictions and sentences as modified.

**FACTUAL AND PROCEDURAL HISTORY**

**¶2**        Over a twenty-one-year period, Puente sexually abused six prepubescent female relatives.[2]  In 2006, Desiree reported an incident of Puente's sexual abuse to her mother, Antonia, who had also been one of Puente's earliest victims.  Then, in 2007, Anabelle reported to police an incident in which Puente sexually abused her and her cousin Patty.  Detective Bell conducted forensic interviews of Anabelle and Patty.  Anabelle was forthcoming about the incident but Patty was not, and the investigation did not result in formal charges against Puente.  Six years later, Marissa reported sexual abuse at the hands of Puente and the resulting investigation led to the instant action.

**¶3**        Puente waived his right to a trial by jury and the case was tried before a judge.  All six victims testified against Puente.  The two earliest victims, Antonia and Yolanda, both testified they finally disclosed Puente's sexual abuse to police in 2014 because they learned Puente had abused additional victims.  During her testimony, Anabelle claimed she could not remember the three occasions Puente sexually abused her.

---

[1]        The Honorable Patricia A. Orozco, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

[2]        We reference the victims herein by their pseudonyms provided in the State's answering brief.  *See* Ariz. R. Crim. P. 31.13(c)(5) (renumbered as 31.10(f), effective Jan. 1, 2018).

Therefore, the State questioned her regarding the accusatory statements she made to Detective Bell during the 2007 forensic interview.

¶4 The State also called an expert who testified that it is common for child-victims of sexual abuse to delay disclosing the abuse. The expert stated that children may disassociate themselves from the abuse, which may cause them to forget the event or have difficulty recalling it later. Similarly, children who have been sexually abused multiple times may have a difficult time remembering specific instances of abuse because the memories of those events may run together in their minds.

¶5 The superior court ultimately found Puente guilty of eight counts of molestation of a child under Arizona Revised Statutes ("A.R.S.") § 13-1410; four counts of sexual conduct with a minor under A.R.S. § 13-1405; and one count each of attempt to commit molestation of a child, attempt to commit sexual conduct with a minor, sexual abuse, and aggravated assault, under A.R.S. §§ 13-1410, -1405, -1404, and -1204, respectively.

¶6 Puente was sentenced to prison terms for each of these counts and he timely appealed.[3] We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

I. Constitutionality of A.R.S. §§ 13-1404 and -1410

¶7 Puente challenges his convictions and sentences under A.R.S. §§ 13-1404 and -1410 for Counts 1, 5, 6, 7, 9, 10, and 12-16, arguing the

---

[3] The sentencing minute entry on Counts 2, 3, 4, and 8, and the court's oral pronouncement of sentence on Counts 4 and 8, impose life imprisonment without the possibility of "parole" for thirty-five years. The Legislature abolished parole in 1993 when it amended A.R.S. § 41-1604.06. *See* 1993 Ariz. Sess. Laws, ch. 255 § 86 (1st Reg. Sess.) (amending A.R.S. § 41-1604.06). Given this change, Puente's sentences are properly for life, without the possibility of release on any basis until the completion of thirty-five calendar years' imprisonment. A.R.S. § 13-604.01 (2006). The sentences and minute entry are therefore modified. *See State v. Nelson*, 131 Ariz. 150, 151 (App. 1981) (modifying sentence when the superior court's "intent [was] clear"); *see also State v. Vandever*, 211 Ariz. 206, 210, ¶ 16 (App. 2005) (recognizing this Court must correct an inadvertent error found in a sentencing minute entry).

statutes are unconstitutional. Specifically, Puente asserts the statutes unconstitutionally shift the burden of proving sexual motivation to a defendant, provide vague definitions of the prohibited conduct, and are overbroad because they apply to innocent activities. Puente did not challenge the constitutionality of sections 13-1404 or -1410 below; however, we may consider constitutional arguments raised for the first time on appeal. *See State v. Gilfillan*, 196 Ariz. 396, 401 n.4 (App. 2000).

**¶8**　　　　Even though we may address Puente's arguments, each of the arguments he raises here were specifically considered in and rejected by *State v. Holle (Holle II)*, 240 Ariz. 300 (2016). In *Holle II*, the Arizona Supreme Court expressly upheld the constitutionality of both statutes. *Id.* at 308-09, ¶¶ 38-44. Even if we believed it appropriate to deviate from that decision, we do not have the authority to overrule or disregard a decision of our supreme court. *See State v. Brown*, 233 Ariz. 153, 162, ¶ 27 (App. 2013).

II.　　　Admissibility of Testimony as to Count 7

**¶9**　　　　Relying on *State v. Allred*, 134 Ariz. 274 (1982), Puente next argues that the superior court erred by allowing unfairly prejudicial impeachment evidence from Anabelle and Detective Bell, and without those statements there is insufficient evidence to sustain the conviction for Count 7.[4] Puente did not object to Anabelle's testimony. Because Puente raises this argument for the first time on appeal, we review the admission of Anabelle's testimony for fundamental, prejudicial error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). Fundamental error is error that goes "to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial." *State v. Hunter*, 142 Ariz. 88, 90 (1984). Puente bears the burden of showing that fundamental error occurred and it caused him prejudice. *Henderson*, 210 Ariz. at 567, ¶ 19.

**¶10**　　　　Puente's reliance on *Allred* is misplaced. Analysis under *Allred* is necessary in cases where the "inherent danger that [the] objectives [of ascertainment of truth and the just determination of proceedings] will be compromised when the key issue of guilt or innocence is likely to turn upon resolution of an issue of credibility in a 'swearing contest' between

---

4　　　Count 7 involves Puente engaging in sexual conduct with Patty by inducing her to manually touch Puente's penis during the "playground incident."

interested witnesses from 'opposing camps.'" *Allred*, 134 Ariz. at 277. But that is not the case before us.

¶11          In *Allred*, a husband and wife were charged with child molestation and hindering prosecution, respectively. *Id.* at 274. At trial, when confronted with their prior inconsistent statements about wife, the children denied making the prior statements and there was no corroborating evidence supporting those statements. *Id.* at 278. As a result, our supreme court held the prior inconsistent statements were improperly admitted because they were unreliable and "the danger of *unfair* prejudice and unjust determination [was] so great under these circumstances that the admission of the statement and its use to provide substantive evidence of the crime and defendant's guilt [was] an abuse of discretion." *Id.*

¶12          Here, Patty testified that she did not touch Puente's penis while on the playground. The State next called Anabelle, who was an unwilling witness; she came to give testimony only after the superior court issued a bench warrant against her father to compel her attendance at trial. Anabelle admitted it was difficult for her to talk about the prior molestation, that she would rather not participate in the proceedings, and for the first portion of her testimony she denied knowing or recalling much about her 2007 interview. When asked if she remembered talking about the three different incidents between her and Puente, as she had relayed during the interview, Anabelle repeatedly said she did not recall.

¶13          At that point, the State confronted Anabelle with specific questions about what she said regarding each of the three separate incidents with Puente during the 2007 interview. When confronted with prior statements she made to Detective Bell in 2007, she recalled having made statements that both she and Patty did touch Puente's penis. On re-direct examination, Anabelle admitted she did not remember a great deal of the molestation and has "tried blocking them out." However, Anabelle also testified that her statements during the 2007 interview were "the truth about what happened to [her]." Detective Bell's subsequent testimony corroborated that Anabelle, in fact, made the prior statement that she and Patty both touched Puente's penis on the playground.[5]

---

[5]          Puente objected to this testimony on hearsay grounds, which the superior court overruled. Reviewing for an abuse of discretion, *State v. Tucker*, 205 Ariz. 157, 165, ¶ 41 (2003), the court did not err in allowing Detective Bell's corroborating testimony because it was not offered for the

**¶14**        Anabelle's prior statement that Puente induced her and Patty to touch his penis during the playground incident was used to impeach her own in-court testimony that she did not know or did not remember the 2007 interview.  Her prior statement was non-hearsay, *see* Rule 801(d)(1)(A), and could be used for substantive purposes, *State v. Skinner*, 110 Ariz. 135, 142 (1973).  As such, Anabelle's testimony supported a finding of guilt as to Count 7.

**¶15**        That Patty's account of the events on the playground is contrary to Anabelle's account is irrelevant to the inquiry of admissibility of Anabelle's prior inconsistent statements in this context.  Resolving this conflicting testimony and weighing Patty's and Anabelle's credibility is precisely the role of the fact-finder.  *See State v. Lee*, 217 Ariz. 514, 516, ¶ 10 (App. 2008).

**¶16**        Puente has not argued or demonstrated that allowing Anabelle's and Detective Bell's testimony resulted in any prejudice.  Therefore, on this record, we conclude there was no error, fundamental or otherwise, in allowing the testimony of Anabelle and Detective Bell.  Accordingly, we affirm Puente's conviction as to Count 7.

## CONCLUSION

**¶17**        For the foregoing reasons, we affirm Puente's convictions and sentences as modified.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

truth of the matter asserted, but rather to rehabilitate Anabelle's credibility as a witness when attacked on the ground that she could not recall whether she made the earlier statements to Detective Bell, Ariz. R. Evid. ("Rule") 801(d)(1)(B)(i).