NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOSE VALENZUELA, *Appellant.*

No. 1 CA-CR 16-0909
FILED 3-8-2018

Appeal from the Superior Court in Maricopa County
No. CR2014-001562-001
The Honorable Pamela S. Gates, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Robert A. Walsh
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Nicholaus Podsiadlik
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Kenton D. Jones and Judge James B. Morse Jr. joined.

H O W E, Judge:

¶1  Jose Valenzuela appeals his convictions and sentences for multiple counts of sexual abuse, child molestation, and attempted child molestation. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2  One night in February 2013, Valenzuela committed sexual offenses against B.V., his 11-year-old daughter. The next morning, Valenzuela continued the sexual offenses. B.V. told her mother two weeks later what had occurred, and B.V.'s mother called the police. While the police were investigating Valenzuela, B.V.'s older sister, R.V., disclosed that Valenzuela had also committed sexual offenses against her on multiple occasions beginning when she was 7 and continuing until she was 11.

¶3  Both daughters testified at trial to Valenzuela's sexual offenses. After trial, the jury found Valenzuela guilty of five counts of sexual abuse under A.R.S. § 13–1404; two counts of attempted child molestation under A.R.S. § 13–1410; one count of child molestation under A.R.S. § 13–1410; and one count of sexual conduct with a minor under A.R.S. § 13–1405, all dangerous crimes against children. The jury also found Valenzuela guilty of one count of furnishing obscene or harmful items to a minor under A.R.S. § 13–3506.

¶4  The trial court sentenced Valenzuela to prison terms for each of these counts with the longest being life without the possibility of "parole"[1] until after 35 calendar years for the sexual conduct with a minor count. Valenzuela timely appealed.

---

[1] Although the court's oral pronouncement of this count's sentence imposed life without suspension of sentence, probation, pardon, or release for 35 years, the sentencing minute entry imposed life without the possibility of "parole" for 35 years. The Arizona Legislature, however,

## DISCUSSION

**¶5** Valenzuela argues that his convictions and sentences under the sexual abuse and child molestation statutes, A.R.S. §§ 13–1404 and –1410, should be vacated because the statutes are unconstitutional. Valenzuela argues specifically that the statutes unconstitutionally shift the burden of proving lack of sexual motivation to a defendant and presume a defendant's culpability and guilt. Although Valenzuela failed to challenge the statutes' constitutionality below, we have discretion to consider constitutional arguments raised for the first time on appeal. *See Marquette Venture Partners II, L.P. v. Leonesio*, 227 Ariz. 179, 185 ¶ 24 (App. 2011) ("We are not . . . prohibited from considering constitutional arguments raised for the first time on appeal.").

**¶6** Notwithstanding our decision to consider Valenzuela's arguments, each of his arguments were considered and rejected by the Arizona Supreme Court in *State v. Holle*, 240 Ariz. 300, 308–09 ¶¶ 38–44 (2016). Because our supreme court has expressly upheld both statutes' constitutionality, we reject Valenzuela's arguments. To the extent that Valenzuela suggests we should follow *May v. Ryan*, 245 F. Supp. 3d 1145 (D. Ariz. 2017) (holding that Arizona's child molestation statute violates a defendant's due process right), we decline his invitation. *See State v. Cooney*, 233 Ariz. 335, 341 ¶ 18 (App. 2013) ("Arizona's courts are bound by the decisions of our supreme court and we have no authority to modify or disregard its rulings."). As such, Valenzuela's arguments are meritless and no error occurred.

---

abolished parole in 1993 when it amended A.R.S. § 41–1604.06. *See* 1993 Ariz. Sess. Laws, ch. 255 § 86 (1st Reg. Sess.). As such, Valenzuela's sentence on this count is for life without the possibility of release on any basis until 35 years' imprisonment. The sentence and minute entry are therefore modified to reflect this change. *See State v. Nelson*, 131 Ariz. 150, 151 (App. 1981).

## CONCLUSION

¶7      For the foregoing reasons, we affirm Valenzuela's convictions and sentences as modified.



AMY M. WOOD • Clerk of the Court
FILED:    JT